13654

BRANHAM v. WOLFE TRANSPORTATION CO.

(169 S. E., 889)

Messrs. *W. L. DePass, Jr.,* and *Mendel L. Smith,* for appellant,

*Messrs. McKay & Manning* and *L. T. Mills,* for respondent,

June 30, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought in the Court of Common Pleas for Kershaw County against ·Wolfe Transportation Company, a corporation, *in personam,* and one truck and trailer —its property—*in rem,* to recover damages for injury to plaintiff's person and property resulting from a collision between his automobile and the truck in the City of Columbia, alleged to have been due to certain negligent and willful acts on the part of the driver of the truck. The defense was a general denial, that the truck, which had been securely locked at the usual place on the night of the collision, was thereafter used by an employee of the company without its knowledge or consent, and contributory negligence and willfulness.

At the trial the company moved for a directed verdict upon the ground that the evidence had failed to establish any actionable negligence on its part, that the only reasonable inference to be drawn from the evidence was that plaintiff

was guilty of contributory negligence and willfulness, and that the evidence was not sufficient to support an inference of willfulness on its part. The trial Judge granted the motion, saying that it appeared that the collision was "caused by plaintiff running into the truck," and that, even if the driver of the latter was exceeding the speed limit, this was not the proximate cause of the accident. Plaintiff appealed and defendant gave notice that it would ask that the ruling of the trial Court be sustained on the additional ground, *inter alia,* that the only reasonable inference to be drawn from the evidence that plaintiff contributed to his injury as the proximate cause thereof by his own negligence and willfulness.

An extended discussion of the facts and the testimony is unnecessary. Wheat Street in Columbia extends east and west, and Main Street north and south, and on the southeast corner of their intersection is the Gresham Hotel. About 9:30 on the evening of March 11, 1932, while plaintiff was driving his car north on Main Street and the truck was going west on Wheat, the two vehicles collided at the intersection, with consequent injuries to plaintiff's person and automobile.

Plaintiff testified that he was driving on the east side of Main Street about 10 miles an hour; that the collision occurred after he had gone "just a little past the center of Wheat Street where it crosses Main," though apparently he later contended that it occurred at, rather than beyond, the center line of Wheat; that the truck was going about 35 or 40 miles an hour, and was about 15 feet from him or from Main Street when he first saw it, and that he had not looked up Wheat Street before that time; and that his car struck the truck on the left-hand running board about 5 feet from the front.

L. A. Emerson, a civil engineer, testified on behalf of the defendant, and his testimony was not contradicted, that he had measured and made a blueprint of the intersection in question; that from a point on the eastern side of Main

Street 3 feet from the curb and 25 feet back from the corner where the Gresham Hotel stands a person can see past the corner of the hotel to the center line of Wheat Street a distance of 59 feet, and that from the same point to the center line of Wheat Street, on its intersection with Main, the straight distance is 75 feet; that from a point on a line with the side of the hotel, where the hotel would be no obstruction at all, a person can see a car approaching on Wheat Street at least 550 feet away, and that from this same point a car would have to travel only 50 feet on Main Street before reaching the center line of the intersection.

Defendant also introduced in evidence an ordinance of the City of Columbia providing that "At any intersection on any street the vehicle on the right shall have the right-of-way."

The trial Judge apparently grounded his decision upon the view that plaintiff's negligence was the sole cause of his injury. He might properly have held further that at best plaintiff was guilty of contributory negligence and willfulness. We do not mean to imply that the mere fact that a vehicle has the right-of-way will absolve its driver from the use of such care as the circumstances may require, but only that plaintiff's actions, in all the circumstances of the present case, must debar him from recovery.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.