ANDERSON *v.* ALEXANDER, executrix.

No. 9948. SEPTEMBER 19, 1934.

*Hammond & Kennedy,* for plaintiff in error.
*Lee, Congdon & Fulcher,* contra.

ATKINSON, J. Certain realty in the City of Augusta was conveyed by deed as security for a debt. The deed was duly recorded. Thereafter the realty was assessed for municipal taxation as the property of named third persons. There was default in payment of taxes for two years, and the property was sold to a stranger under executions issued against said third persons by the municipality, based upon such tax assessments. After the tax sale the holder of the security deed, under exercise of a power of sale therein, sold the realty, became the purchaser, and entered possession. After

this sale the time limit for redemption of the property from the purchaser at tax sale expired. In a few days thereafter the holder of the security deed, learning for the first time of the tax sale, tendered to the purchaser at tax sale the requisite amount to redeem the property, and the tender was refused. Thereupon said holder instituted an action against the purchaser. at tax sale and the levying officer, seeking to set aside the tax sale and to cancel the tax deed as a cloud upon his title. The petition as amended alleged the facts stated above, and more which will sufficiently appear hereinafter. The judge overruled general and special grounds of demurrer to the petition, and directed a verdict for the plaintiff. The defendant's motion for a new trial was overruled. He excepted to that judgment and to the ruling on the demurrer.

■ One ground of attack upon the tax assessment and sale of the property thereunder was that the property "was assessed for taxation by the City Council of Augusta in the name of" the said third persons, notwithstanding such persons "had not returned said property as belonging to them," "and there is no instrument of record in the office of the clerk of this court creating or showing title to said property in" such third persons, but that the grantor in the security deed "was at all times herein mentioned the record owner of said property, subject to petitioner's outstanding security deed;" and that "the assessment against" said third persons was therefore unauthorized. As a general rule, the public for the purposes of taxation "may treat property as belonging either to the maker or the holder of a bond for titles, when the latter is in possession." Civil Code, § 1018. It has been held in effect that when an owner of property conveys legal title thereto as security for a debt, retention of the equitable interest is such substantial beneficial ownership as will render him liable for the taxes thereon (*Decatur County Building & Loan Association* v. *Thigpen,* 173 *Ga.* 363 (3), 160 S. E. 387), and that such equitable interest may be assigned. *Citizens Bank of Moultrie* v. *Taylor,* 155 *Ga.* 416 (117 S. E. 247). It was essential in this case to allege affirmatively that said third persons had not acquired, by assignment or otherwise, the equitable interest retained by the grantor in the security deed, or possession of the property under color of title in their own behalf or as agents of another person. *Burns* v. *Lewis,* 86 *Ga.* 591 (5) (13 S. E. 123), and cit.; *Nelson* v. *Brown,* 174 *Ga.* 150 (2)

(162 S. E. 276) ; *Haden* v. *Atlanta*, 177 *Ga.* 869 (171 S. E. 703). This paragraph, considered alone or in connection with other parts of the petition, did not make such allegation, and consequently should have been stricken on demurrer.

■ The allegation, "the said vendue master or auctioneer, however, has no record of the alleged sale of said property to the defendant, . . and there is no memorandum or notation by the said auctioneer in his record book of public sales or elsewhere to the effect that the defendant . . was the successful bidder for the property at such sale," considered with other allegations to the effect that the defendant was not the successful bidder at the sale, was not demurrable on the ground that "such allegations are without legal significance, and constitute an attempt to plead evidence."

■ It was alleged: "That there is a notation on the digest in the office of the city tax-assessor, opposite the assessment of the property, indicating that the property was bid in at said sale for the City Council of Augusta, the notation being as follows, to wit: 'City Council of Augusta, Sheriff's Sale 1932.' Furthermore said property was transferred to and placed in the name of the City Council of Augusta on such digest for the year 1932. The defendant, Palmer, as sheriff, does not recall from memory the facts and circumstances surrounding such sale." When considered in connection with other parts of the petition, this paragraph was not subject to demurrer on the ground that it was immaterial and irrelevant, and was merely an attempt to plead evidence.

■ In the petition the sale of the property is attacked on the ground "that there has been no legal or valid levy upon said property. There is no entry of levy on said tax executions, or either of them, by the defendant Palmer, as sheriff, or by any other duly authorized officer, and said executions show on their face that neither of them has ever been actually levied on said property." This ground of attack was not subject to general demurrer.

■ The error in the ruling pointed out in the first division, supra, requires a reversal. All proceedings after the judgment overruling the demurrer were nugatory, and assignments of error relating thereto will not be considered.

*Judgment reversed. All the Justices concur.*