14150

LINEBERGER v. CITY OF GREENVILLE

(182 S. E., 101)

48

*Messrs. Hinson & Norwood,* for appellant, 

*Messrs. Mann & Arnold,* for respondent, 

October 28, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Appellant brought his action in the County Court of Greenville County against respondent, claiming damages, actual and punitive, in the sum of $3,000.00 for personal injuries alleged to have been suffered when an automobile, the property of respondent, was, in a careless, reckless, willful and wanton manner, driven and operated by certain of its police officers, while acting in the scope of their employment, across the path of and in front of the bicycle being ridden by appellant, causing appellant to be thrown to the ground and suffer painful and permanent injuries.

Respondent, by its answer, set up a general denial and pleaded contributory negligence on the part of appellant.

Upon a trial of the case, and at the conclusion of the taking of the testimony, the respondent moved for a directed verdict in its favor as to both punitive and actual damages. The trial Judge promptly granted the motion as to punitive damages, and properly so, the respondent being a municipal corporation.

The motion for a directed verdict as to actual damages was made "on the ground the testimony is susceptible of but one reasonable conclusion that there is no actionable act of negligence on the part of the defendant or other acts on the part of the defendant, its agents and servants; and second, on the ground that the only reasonable conclusion to be drawn from the testimony is that the accident was occasioned by the contributory negligence of the plaintiff in the case and without which the accident would not have happened."

It therefore becomes necessary to examine the testimony in order to pass upon the exception alleging error on the part of the trial Court in directing a verdict as to actual damages.

The testimony on behalf of appellant, briefly stated, was as follows:

On the night of August 30, 1934, appellant and a Mr. Brock rented bicycles, and just before the collision were

riding in the city limits of Greenville, S. C., south on River Street, and the automobile of respondent was proceeding north on River Street; that the bicyclists were for the most part coasting, pedaling occasionally, just before reaching the intersection of the streets hereafter named and at which point the accident occurred; that they saw the automobile in question approaching at a high rate of speed though it had commenced to slow up immediately prior to the collision; that as appellant entered upon the intersection of River, West Broad, and Whitmire Streets (West Broad Street becoming Whitmire Street after crossing River Street), intending to continue south on River Street, the automobile, without any warning by its driver, a police officer of respondent, suddenly and at such speed that "the tires were crying," was driven to the left and towards or into Whitmire Street directly in front of appellant, and that in trying to avoid a collision appellant turned the bicycle he was riding in the same direction, applying the brake, which caused the rear wheel of the bicycle to skid completely around and slide under the automobile, throwing appellant violently to the ground and occasioning the injuries alleged to have been suffered; that the bicycles had lanterns or lights thereon and could have been seen.

The testimony of respondent was contradictory of that of appellant on all material points, even as to the place of the actual collision, and was to the effect that the driver of the automobile duly gave a signal indicating his intention to leave River Street and turn into Whitmire Street; that the automobile was being driven at a speed not in excess of ten to twelve miles per hour while making the turn; that appellant was riding the bicycle at a greater speed than that being driven by the automobile, according to the driver of the automobile, and the other witnesses riding in the car described the speed of the bicycle from "fast" to "were driving as fast as they possibly could and the riders seemed to be 'hell-bent for election.'" In addition to this testimony, it was claimed

by the officers of respondent that appellant immediately following the accident expressed his sorrow over it and admitted that it was due to his negligence. Respondent introduced two of its ordinances, reading as folows:

633. Section 44. "All motor vehicles shall give the right-of-way to other such vehicles approaching from the right, and shall have the right-of-way over those approaching from the left. Provided that street cars, vehicles belonging to the police or fire departments, or those conveying the United States mail, and ambulances shall always have the right-of-way. But traffic officers may change this rule by signaling."

640. Section 51. "It shall be unlawful for any person to ride a bicycle or like vehicles along or across any street, alley, lane, park or other public place within the City limits in a disorderly manner, or at a rate of speed greater than is reasonable and proper at the time and place, or so as to endanger the life, limb or property of any person, or in any event at a greater rate of speed than twenty miles an hour, or in any event to ride a bicycle or like vehicle along or across any sidewalk within the City limits."

A careful reading of Ordinance 633, Section 44, in reference to right of way will determine that it has no applicability to the facts of this case, in that the bicycle on which appellant was riding was not approaching from a street intersecting the street on which the automobile was driving, but was on the same street driving in an opposite direction. But even if applicable, it could never be intended that an automobile having no "earmarks" distinguishing it as a police department car could, without regard to citizens using the streets, arbitrarily abuse the privilege of right of way. Such privilege must be exercised with due care for the safety of others using the street, and what would constitute due care would depend upon the circumstances at the time. A police car would not be held to the same degree of care while in actual pursuit of a criminal as when merely cruising around, as it was at the time of the accident.

This Court has held time and again that on a motion by a defendant for a directed verdict the testimony must be viewed in the light most favorable to the plaintiff, and if more than one inference can reasonably be drawn therefrom, then it is the duty of the trial Judge to submit the case to the jury. *Crews v. Sweet,* 125 S. C., 303, 306, 118 S. E., 613, 29 A. L. R., 43; *Ford v. Railway Co.,* 169 S. C., 41, 168 S. E., 143; *Lower Main Street Bank v. Ins. Co.,* 135 S. C., 155, 133 S. E., 553, and numerous other · cases.

"And it has been decided that not only should questions of fact be submitted to the jury when they are in dispute, but also the matter is properly for the jury to pass upon when the question is as to inferences to be drawn from such facts after the facts have been determined. *Anderson v. H. & B. R. & L. Co.,* 134 S. C., 185, 132 S. E., 47.

"It has also been held that a case should be submitted to the jury not only when the testimony is conflicting, but likewise when the inferences from it are in doubt. *Keistler Co. v. Ætna Insurance Company, Hartford, Conn.,* 124 S. C., 32, 117 S. E., 70."

The last two cases just above cited and quoted from are cited and quoted with approval in the recent case of *Waring v. S. C. Power Co.,* 177 S. C., 295, 181 S. E., 1, 4, opinion by Mr. Associate Justice Fishburne.

The same rule of law is applicable on the question of contributory negligence. If more than one inference can reasonably be drawn from the testimony, viewing it most favorable to plaintiff, then it is the duty of the trial Judge to submit this issue to the jury.

The learned Judge who tried this case apparently recognized the foregoing as the law of this State, and excepting for the case of *Branham v. Wolfe Transportation Co.,* 170 S. C., 164, 169 S. E., 889, would have reversed the motion of respondent as to actual damages. In the *Branham-Wolfe case, supra,* it was unquestioned that defendant had the right

of way, and that plaintiff, by merely looking, could have seen the truck of defendant approaching and therefore that plaintiff had ignored every precaution he should have taken. The facts of the case at bar are so different as to make the *Branham case* no authority for direction of a verdict against appellant.

■ The exceptions to the order directing a verdict for respondent as to actual damages are sustained.

■ It was not error for the trial Judge to refuse to permit appellant to introduce in evidence the record of the magistrate's trials involving the same collision, though a different plaintiff. Appellant had the right to cross examine the witnesses whom he desired to contradict, regarding their testimony at the trials before the magistrate, and if their testimony was at variance, then to have the stenographer who took the testimony at one trial, and the magistrate who presided at both trials, go upon the witness stand and testify as to the statements made on those occasions.

All exceptions to the order settling the case for appeal are overruled.

The case is reversed, and remanded to the Court from whence it came for a trial as to actual damages alleged to have been suffered.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.