31437. KUHR *et al. v.* FRIZZELLE.

FELTON, J. Since the averments contained in a petition must, for the purpose of determining a demurrer, be taken as true, and since questions of negligence and what constitutes the proximate cause of the damages sustained are peculiarly within the province of the jury, this court will not solve such questions on demurrer except where such questions are palpably clear, as where the petition shows on its face that the negligence charged could not or did not as a matter of law cause the damages complained of; and since we can not say as a matter of law that the defendants' alleged negligence in failing to insulate the pipes could not or did not proximately cause the plaintiff damage, the court did not err in overruling the demurrer. *Savannah Electric & Power Co.* v. *Nance*, 31 Ga. App. 632 (121 S. E. 690); *Bass* v. *Southern Enterprises Inc.*, 32 Ga. App. 399 (123 S. E. 753); *Southern Cotton Oil Co.* v. *Gladman*, 1 Ga. App. 260 (58 S. E. 249); *Trammell* v. *Columbus R. Co.*, 9

*Ga. App.* 98 (70 S. E. 892); *Columbus Power Co.* v. *Puckett*, 24 *Ga. App.* 390 (100 S. E. 800). Nor can this court take judicial notice of the nature and construction of the furnace in this case so as to say as a matter of law that the fire could not have occurred as alleged.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*

DECIDED NOVEMBER 15, 1946.

*Emanuel Lewis,* for plaintiffs in error.
*Kennedy & Jenkins, George E. Oliver,* contra.