38323.   SHIRLEY v. CITY OF COLLEGE PARK.

GARDNER, Presiding Judge.   1.   Since the offense of driving while
under the influence of intoxicants is a State offense, the Judge
of the Recorder's Court of the City of College Park did not
err in binding the defendant over to the Criminal Court of
Fulton County for this offense.

2. City police officers observing the defendant driving within
the City of College Park, the automobile weaving from one
side to the other of the highway in such a manner as to be
a hazard to other traffic, were justified in following the de-
fendant, signalling him to stop and, when he refused to stop,
in pursuing, stopping, and arresting him, without first going
to the proper authorities and obtaining a warrant for his arrest.
See *Gordy v. State,* 93 Ga. App. 743, 748 (92 S. E. 2d 737).
This is true although the city police officers did not succeed in
apprehending the defendant within the city limits of the mu-
nicipality, and, when he stopped, the automobile was actually
located in a small piece of unincorporated territory completely
surrounded by the municipality.

3. The defendant was arrested, tried, and convicted in the re-
corder's court for a violation of a city ordinance forbidding
the use of profanity within the limits of the municipality.
The acts of using profanity were committed after the de-
fendant had been returned to a point within the city limits,
and seem to have been triggered by the defendant's desire to
protest the circumstances of his arrest for drunk driving.
While officers cannot illegally arrest a person for a given
offense and then make out *that* offense by acts which the
defendant commits in protesting the illegal arrest, yet a defend-
ant, even though under arrest, may be guilty of a separate
and distinct offense, and he cannot defend merely by show-
ing he was under a lawful arrest at the time of the sec-

ond offense. See *Finch v. State,* 101 Ga. App. 73 (112 S. E. 2d 824). Nor is this ruling controlled by *Trowbridge v. Dominy,* 92 Ga. App. 177 (88 S. E. 2d 161), the holding in that case being that a defendant may not be bound over to a State court on a State offense and at the same time convicted in a municipal court for a violation of a city ordinance which is part and parcel of the offense for which he is bound over. Since the city ordinance here covering the offense of the use of profanity in no way covers the same subject matter or transaction as the State law covering the offense of driving while under the influence of intoxicants, that rule does not apply here, and the city ordinance is not void as being a special law covering a subject matter regulated by a State statute.

4. Although counsel for the plaintiff in error contends in his brief that the ordinance relating to profanity under which, according to the stipulation and the answer of the recorder, the defendant was convicted, is also void as being a special law covering the same subject matter as *Code* § 26-6303 regarding the use of opprobrious words or abusive language tending to cause a breach of the peace, this assignment of error is not made in the petition for certiorari and will not be considered here.

The Judge of the Superior Court of Fulton County did not err in overruling the petition for certiorari from the judgment of conviction in the Recorder's Court of College Park.

*Judgment affirmed. Townsend, Carlisle, and Frankum, JJ., concur.*

DECIDED JUNE 29, 1960.

*Preston L. Holland,* for plaintiff in error.
*Henry G. Crawford,* contra.