39880. POOLE, by Next Friend v. CITY OF LOUISVILLE et al.

DECIDED JANUARY 31, 1963—REHEARING DENIED
FEBRUARY 6, 1963.

*Marshall L. Fountain,* for plaintiff in error.

*Abbot & Abbot, James C. Abbot,* contra.

HALL, Judge. 1. The plaintiff (plaintiff in error) brought a tort action against the defendant city and two of its police officers (defendants in error), seeking damages for personal injuries. The trial court sustained general demurrers filed by the three defendants, and the plaintiff assigns error on this judgment. We must assume, of course, that the allegations of the petition are true. The crucial facts are these: Police officers in an unmarked car, and giving no kind of signal that they were police, suddenly, late at night, from a concealed position off the highway came onto the highway, turned on their lights, and started chasing a person driving on the highway in violation of no law. The driver not knowing they were police or what their purpose in trying to apprehend him might be, became frightened and tried to escape from the unidentified vehicle. The police officers pursued him for more than ten miles, at times at excessive speeds. The driver became more frightened and with the unidentified vehicle directly behind him lost control of his car. The petition alleges that the conduct of the officers was wilful and wanton, and that it was negligence on the part

of the city to furnish its officers with vehicles without official identification.

It must be recognized that it is the public policy of this State, expressed in a statute, that vehicles used by police shall be clearly marked and identified. "Any motor vehicle which is used on official business by any person authorized to make arrests for traffic violations in this State, or any municipality or county thereof, shall be distinctly marked on each side and the back with the name of the agency responsible therefor, in letters not less than six inches in height." Ga. L. 1953, Nov. Sess., pp. 556, 605 (*Code Ann.* § 68-1707). The same act gives police officers performing their law enforcement duties certain exceptional rights in the use of motor vehicles giving specified signals. "(a). The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, . . . may exercise the privileges set forth in this section, but subject to the conditions herein stated. (b) The driver of an authorized emergency vehicle may: . . . 2. Proceed past a red or stop . . . sign, but only after slowing down as may be necessary for safe operation. 3. Exceed the speed limits . . . so long as he does not endanger life or property. (c) The exemptions herein granted to an authorized emergency vehicle shall apply only when the driver of any said vehicle while in motion sounds audible signal by bell, siren, or exhaust whistle as may be reasonably necessary, . . ." (*Code Ann.* § 68-1604). The same act specifically provides that persons operating such vehicles nevertheless have the duty to exercise due care toward others: "(d) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others." Ga. L. 1953, Nov. Sess., pp. 556, 565 (*Code Ann.* § 68-1604(d)). *Code Ann.* § 68-1604(c) specifies precautions that governmental authorities are directed to take in using official vehicles and exercising emergency privileges. The effect of subsection (d) of *Code Ann.* § 68-1604 is to make the conditions expressed in subsection (c), when met, circum-

stances to be taken into consideration in determining whether the driver of an authorized emergency vehicle exercising the statutory privileges has driven with due regard for the safety of others or has recklessly disregarded the safety of others. Other jurisdictions have adopted like policies with respect to the operation of emergency vehicles. Lineberger v. City of Greenville, 178 S.C. 47 (182 SE 101, 103); 5A Am. Jur. 355, § 205; 60 CJS 929, § 375. The conditions which would give the police officers special statutory privileges in the operation of their automobile did not exist in the present case. Hence in answering the questions whether on the part of the officers there was wanton conduct as alleged in the petition we must apply the same standards we would apply to any private individual. 47 Am. Jur. 851, § 42; 60 CJS 930, § 375.

There can be no question that the defendants owed the plaintiff the duty not to recklessly disregard his safety nor wantonly injure him. Wanton misconduct has been equated to "intentional or reckless disregard of human life," as distinguished from simple carelessness or bad judgment amounting to negligence. *Central of Ga. R. Co. v. Moore*, 5 Ga. App. 562 (63 SE 642). When the actor can, or as a reasonably prudent person should, foresee a strong probability that harm to another may result from his conduct, even though he hopes or expects no harm will ensue, and the risk created by his conduct is not justified by the end to be attained, his conduct is wanton. *Arrington v. Trammell*, 83 Ga. App. 107, 112 (62 SE2d 451); accord, Restatement, Torts, § 500. In the *Arrington* case, supra, it was stated, ". . . in other cases our courts have appeared to demand an even stronger case, that is, proof that the misconduct is reckless in the degree that the jury would be justified to find it equivalent in spirit to actual intent." We do not agree that the other cases cited and referred to in the *Arrington* case "demand an even stronger case." We think rather that the *Arrington* case and the cases it cites define the same quality of conduct, but express it in different words. See *Carr v. John J. Woodside Storage Co.*, 217 Ga. 438, 443 (123 SE2d 261).

The question whether from given conduct a strong probability of risk should be foreseen must be viewed in the light of com-

mon experience, or facts commonly known. Whether the officers' conduct described in this case was wanton depends on whether a reasonably prudent person would have foreseen a strong probability of injury or danger and guarded against it. Accord, *Allen v. Gornto*, 100 Ga. App. 744, 748 (112 SE2d 368); *Thomas v. Williams*, 105 Ga. App. 321, 327 (124 SE2d 409); 65 CJS 354, § 5. The duty to take precautions to prevent accidents depends on reason to apprehend danger resulting from failure to take precautions. 65 CJS 342, § 4. It is for the jury to determine whether there has been wrongful operation of a police car. American Motorists Ins. Co. v. Rush, 88 N.H. 383 (190 A 432, 435); 61 CJS 502, § 526(j). We think reasonable minds might disagree whether the police officers in suddenly coming on to the highway from a concealed position late at night in an unmarked car, giving no signal that they were police, turning on their lights, and chasing a person driving in violation of no law, should have foreseen a strong probability that their conduct could cause the pursued person to be frightened and attempt to escape from their unidentified vehicle and to be injured in attempting to escape. And reasonable minds might disagree whether their conduct was justified by the end to be attained. The question whether the police officers' conduct was wanton, therefore, must be left to the jury.

2. There is no merit in the defendants' argument that the petition fails to show that the alleged negligence caused the plaintiff's injury. Facts creating an issue as to the defendants' wrongful conduct are alleged. The question whether the defendants' wrongful conduct, if found, caused the injurious consequences to the plaintiff, must be left to the jury. Where acts of negligence are alleged, as a general rule it is sufficient to make a direct general allegation that plaintiff's injury resulted from or was caused by such negligence. *Pollard v. Heard*, 53 Ga. App. 623, 626 (186 SE 894); *Kuhr v. Frizzelle*, 74 Ga. App. 524 (40 SE2d 405); 65 CJS 904, § 188.

3. A municipality cannot be held responsible for the negligence of its officers in their performance of governmental functions, such as maintaining vehicles for use in law enforcement. *Code* § 69-301; *Thomas v. Williams*, 105 Ga. App. 321, 325, supra; 63 CJS 77, § 775.

The trial court did not err in sustaining the city's general demurrer, but erred in sustaining the general demurrers of the other two defendants.

*Judgment reversed in part; affirmed in part. Carlisle, P. J., and Bell, J., concur.*