### 47661. CITY OF WINTERVILLE et al. v. STRICKLAND et al.

HALL, Presiding Judge. Two of the defendants in a wrongful death action, a policeman and his municipal employer, appeal from the denial of their motion for summary judgment.

Plaintiff's son was killed in a collision with a car owned by one Mitchell, another defendant in this case. The Mitchell car had driven through the City of Winterville where the defendant policeman was on patrol duty. He testified that at 11 o'clock on a dark, rainy evening, he observed this car speeding at about 70 miles per hour, followed it

for a mile to clock it, and then turned on his revolving red light and siren. The Mitchell car continued to increase speed and so did the policeman. A chase ensued over about 10 miles of winding roads, at speeds sometimes reaching 120 miles per hour, and which eventually crossed the county line. The policeman also testified that he had radioed the Clarke County Sheriff's office at the outset to ask for assistance but the only sheriff's car was at the other side of the county; that when he realized they were heading that way he radioed again; and that when they crossed into Madison County he asked that its sheriff be notified. The defendant policeman is also a duly appointed deputy sheriff of Clarke County.

It is undisputed that the Mitchell car, while traveling about 100 miles per hour around a curve, skidded to the left lane and collided with the automobile driven by plaintiff's son; that the police car came to a halt without becoming involved in the collision; and that a man was dead in the passenger seat of the Mitchell car and Mitchell was pinned behind the steering wheel. Nevertheless, Mitchell testified on deposition that the other man had been driving; that they had been proceeding through Winterville at 35-40 miles per hour; that when they first noticed headlights behind them they thought it was probably the police but they had then increased speed because the other man said he didn't have any money to pay a fine; and that at no time before the collision had he seen or heard the following car using a revolving light or siren.

1. The appellants contend that when an accident occurs between a vehicle pursued by the police and that of another, as a matter of law the proximate cause is the reckless driving of the pursued, not the acts of the officer in pursuing him. The appellants cite a number of well-reasoned cases from other states which have held this and it clearly seems to have the great weight of authority. See Ann. 83 ALR 452. However, in all these cases there was apparently no dispute concerning the factual

circumstances of the pursuit and the police were operating their vehicles with accepted emergency procedures, e.g., flashing lights and sirens, requests ahead for interception, etc.

Here there is a dispute concerning whether the policeman used his light and siren. In another pursuit case, this court held that failure to signal the nature of the police vehicle made a jury issue out of the conduct of the officers. *Poole v. City of Louisville,* 107 Ga. App. 305 (130 SE2d 157). There the pursued did not know a police car was behind him and, in a frightened attempt to escape, injured himself. Here, of course, the pursued were fairly sure it was the police and were making a deliberate attempt to out-run them. Nevertheless, we do not know whether plaintiff's son realized he was coming upon a potentially dangerous situation. We cannot say that *if* the policeman here did not give the modicum of warning his revolving light and siren afforded, that this failure could not have been a contributing cause of the collision. Many drivers will pull off the road to make way for an emergency vehicle, for example.

The *Poole* case stressed that *Code Ann.* § 68-1604 not only grants special privileges in the operation of emergency vehicles (such as exceeding the speed limit) but also sets out conditions for operation (which include the use of sirens and lights) and provides for liability where there has been a reckless disregard for the safety of others. Violation of the statute would not necessarily make the policeman liable in this case, but it would keep open the issue of causation which otherwise would be foreclosed.

2. The plaintiff contends that when the collision occurred, the policeman-deputy sheriff had no authority to be pursuing the Mitchell car because he was outside the county in which he had a power of arrest. While ordinarily a peace officer has power of arrest only in the territory of the governmental unit by which he was appointed, there are two exceptions to the rule present in this case. *Code Ann.* § 92A-509, which deals with arrests

for traffic offenses, provides by implication that certain officers (including deputy sheriffs) have arrest powers for these offenses outside their appointed territories. This interpretation is compelled by the statute's specific territorial restriction of only municipal officers. However, under common law even a municipal officer has power of arrest outside his city limits when a "hot pursuit" situation exists. *Shirley v. City of College Park,* 102 Ga. App. 10 (115 SE2d 469). For both these reasons, the officer here had authority to conduct the pursuit.

However, for the reason stated in Division 1, the court did not err in denying the defendants' motion for summary judgment.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

ARGUED NOVEMBER 7, 1972—DECIDED DECEMBER 5, 1972.

*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame,* for appellants.

*Greer, Sartain & Carey, Joe B. Sartain, Jr., B. Carl Buice,* for appellees.