59546. HERREN v. ABBA CAB COMPANY, INC. et al.

SMITH, Judge.

Appellant, plaintiff below, brought this action for damages incurred as the result of an automobile collision. She appeals the ruling of the trial court directing a verdict in favor of defendants. We reverse.

The evidence showed that a part-time taxi cab driver received a call from the police to pick up an intoxicated man; that after assisting his inebriated passenger into the taxi, the driver turned onto a one-way street and proceeded down the street in the wrong direction in violation of Code § 68A-308; that the driver shortly became aware of his mistake and turned off the street after having traveled some two blocks; that one of the police officers pursued the driver down the street; that the taxi driver was not aware of this pursuit; that the officer engaged his emergency lights but failed to engage his emergency siren in violation of Code § 68A-107; and that he entered a blind intersection where he collided with plaintiff. The evidence further revealed that plaintiff had entered the intersection on a green

---

light and that the traffic signal controlling this intersection did not have lights facing in the direction from which the officer had been proceeding.

This appeal presents a novel question: Is the driver of an automobile which is traveling in the wrong direction on a one-way street and which is pursued by a police officer liable to a third party who is struck by the officer while in pursuit? "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." *Southern R. Co. v. Webb,* 116 Ga. 152 (1) (42 SE 395) (1902); *Stern v. Wyatt,* 140 Ga. App. 704 (231 SE2d 519) (1976).

Although his emergency lights were in operation, the officer was negligent in failing to engage his emergency siren before taking off in pursuit of the errant taxi. *City of Winterville v. Strickland,* 127 Ga. App. 716 (1) (194 SE2d 623) (1972); see Code § 68A-107; *Poole v. City of Louisville,* 107 Ga. App. 305 (130 SE2d 157) (1963). However, it cannot be said as a matter of law that the officer's failure to engage his siren was the sole proximate cause of the collision. "The mere fact that plaintiff's injuries would not have been sustained had only the defendant's act of negligence occurred will not of itself operate to constitute another's act of negligence as the sole proximate cause . . . To relieve the defendant from liability where both the defendant and a third party were negligent, it must appear that the negligence of the third party intervened and superseded the defendant's negligence." *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 157 (256 SE2d 916) (1979).

" 'Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases.' " *Powers v. Pate,* 107 Ga. App. 25, 27 (129 SE2d 193) (1962). Neither the negligence of the police officer nor that of the taxi driver is disputed. Therefore, whether the police officer's silent pursuit was the sole proximate cause of plaintiff's injuries or whether his was a " 'normal reaction to the stimulus of a situation created by [defendant's] negligence' " (*Hodge v. Dixon,* 119 Ga. App. 397 (162 SE2d 377) (1969)) creates an issue for the jury to decide. "The trial judge himself made the decision as to liability . . . and

thereby prevented the jury from deciding this issue. We hold that he invaded the province of the jury, and this was error requiring a new trial." *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25) (1976).

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MARCH 11, 1980 — DECIDED
JULY 9, 1980 —
REHEARING DENIED JULY 28, 1980.

*John H. Oldfield, Jr., James O. Wilson, Jr.,* for appellant.
*Stanley M. Karsman, A. Lee Lassiter, Jr.,* for appellees.