## 73355. LEVANGIE et al. v. DUNN.
(356 SE2d 88)

BENHAM, Judge.

This appeal arose out of a bizarre and tragic set of events which apparently left a 16-year-old boy with serious and possibly permanent spinal injuries. Claiming error in the trial court's granting of summary judgment, appellants lay this controversy at our feet for determination.

Michael Levangie, a 16-year-old eleventh grader, suffered a disabling spinal injury on January 12, 1985, while attending a rock concert and dance at appellee's sports pavilion in Spalding County, Georgia. During the first of two nights of the concert, one or more fights erupted and on both nights there was evidence of alcoholic beverages being consumed on the premises even though many of the concert-goers were minors. Music was furnished by the rock group, Phylon, and as part of the dance ritual Levangie donned a wolf's head mask and simulated banging his head in an attempt to get the crowd involved in the show. Though Levangie was not a member of the band, he was a friend of the band and he took it upon himself to perform as mentioned above to heighten the frenzied atmosphere. On the night in question, Levangie was joined by members of the audience in simulating group head-banging. While this ritual was in progress and during the playing of "Born to be Wild," Levangie was approached from behind by Mike York, nicknamed "York the Dork," who was obviously intoxicated from guzzling "Jack Daniel's" whiskey. York grabbed Levangie, supposedly to perform assisted simulated head-banging, and then shook him violently, allegedly causing a severe spi-

nal cord injury. A suit followed against Robert Dunn, d/b/a The Math Field, owner of the sports pavilion, claiming, inter alia, violations of certain ordinances and statutes as to public gatherings and failure to supervise activities. The trial court granted summary judgment to Dunn and this appeal was taken.

1. The question presented by appellants' third enumeration of error is whether the victim's injuries were proximately caused by appellee's alleged negligence. Appellants' complaint alleged that appellee negligently allowed the dance to be held on his premises without having a dance hall permit; that he allowed patrons to consume alcoholic beverages on the premises without having an alcoholic beverages consumption permit; that he inadequately supervised the safety and well-being of the patrons; and that those omissions were the proximate cause of Levangie's injuries. We disagree.

Encompassed within the concept of negligence is an element of foreseeability (*Teppenpaw v. Blaylock*, 126 Ga. App. 576, 578 (191 SE2d 466) (1972)), which need not be as to the specific injury suffered but as to some injury. *Mixon v. Dobbs Houses*, 149 Ga. App. 481, 483 (254 SE2d 864) (1979). However, the concept does not include foreseeability of remote or unusual events. *Aretz v. United States*, 503 FSupp. 260 (1977). "It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury." *Union Carbide v. Holton*, 136 Ga. App. 726 at 729 (222 SE2d 105) (1975).

Even if appellee could have foreseen Levangie's injury, he had no supervisory control over how the patrons danced and, therefore, he would have been powerless to prevent such an injury, whether he had a dance permit or not. Appellee had no duty to protect Levangie against such an intervening cause as a fellow party-goer walking up to and shaking him. The record indicates that Levangie's assailant, York, had been drinking whiskey straight from the bottle prior to arriving at the dance. That fact, coupled with the fact that appellee did not sell or otherwise offer alcohol to the patrons, also created a break in the chain of causation that culminated in Levangie's injury. Even if appellee had obtained a liquor permit he could not have prevented York from consuming his liquor elsewhere and then attending the dance. There is nothing in the record to indicate appellee was aware of York's presence or condition before the accident occurred. Therefore, appellee could not, as a matter of law, be held responsible for Levangie's injury.

We have said repeatedly that foreseeability as an element of negligence is a jury question (*Collins v. Altamaha &c. Corp.*, 151 Ga.

App. 491, 492 (260 SE2d 540) (1979)), except where the evidence is plain, palpable and undisputable. *Western Stone &c. Corp. v. Jones*, 180 Ga. App. 79, 80 (348 SE2d 478) (1986). The case before us being within the exception, the trial court did not err in granting summary judgment for appellee.

2. The holding in appellee's favor in Division 1 of this opinion renders moot appellants' remaining two enumerations of error regarding assumption of the risk.

*Judgment affirmed. Birdsong, C. J., Banke, P. J., Carley and Sognier, JJ., concur. Deen, P. J., McMurray, P. J., and Pope, J., dissent. Beasley, J., dissents in judgment only.*

DEEN, Presiding Judge, dissenting.

In affirming the grant of summary judgment for the appellee, the majority opinion concludes that the evidence was plain, palpable, and undisputable that the appellant's injury was not reasonably foreseeable. I cannot concur with that assessment of the evidence.

Even as summarized by the majority opinion, there was sufficient evidence to authorize a finding that the appellee actually promoted the rowdy and illegal social environment in which the appellant was injured. What began as an event to raise money for "Christmas" lights ended in chaotic crisis conditions. On the afternoon before the evening when the appellant was injured, supervisors of the appellee offered marijuana to the band members at the club. Although no alcoholic beverages were sold on the premises, the evidence demonstrated the appellee's open policy of "brown-bagging," i.e., allowing patrons to bring and consume their own alcoholic beverage on the premises, despite his awareness that more than fifty percent of the patrons were minors. After the appellant was injured, in fact, one of the appellee's employees had the band members announce over the loud speaker system that the police probably would appear and that everyone needed to conceal their alcoholic beverages. The appellee allowed the dancing and billiard playing on the premises, despite lacking the required licensing for either activity. Pornographic pictures of naked women were also permitted to be displayed on the premises.

If the evidence was plain, palpable, and undisputable as to any conclusion, it was that the appellee openly disdained to operate his club in a lawful or wholesome manner. Moreover, notwithstanding his awareness of rhythmic, raucous and rowdy behavior which manifested itself during these punk rock concerts, including donning a wolf's head mask and simulating "group head-banging," the appellee, rather than taking measures to control it, actually promoted the setting for such. The articulate appellate advocate argues in his brief that the event was a type of attractive nuisance or a "pied piper" attempt to attract children. Compare *Howell v. State*, 172 Ga. App. 805, 808 (324

SE2d 754) (1984).

Under these circumstances, it should be left to the jury to decide (1) whether it was reasonably foreseeable that someone could be injured as a result of the wild, rowdy and illegal atmosphere that was promoted and maintained by the appellee for the sake of profit; (2) whether an intervening causation ("York the Dork") insulated the appellee from liability; and (3) whether the appellant assumed the risk of injury by participating in the raucous activity. *Herren v. Abba Cab Co.*, 155 Ga. App. 443 (271 SE2d 11) (1980). Accordingly, I must respectfully dissent.

I am authorized to state that Judge Pope joins in this dissent.

DECIDED MARCH 19, 1987 —
REHEARING DENIED APRIL 1, 1987 —

*John H. Watson*, for appellants.
*Larry K. Evans, John W. Winborne III, Charles M. Lokey*, for appellee.