A97A0480. PARIAN LODGE, INC. v. DEKALB COUNTY et al.
(485 SE2d 545)

RUFFIN, Judge.

This action involves Parian Lodge, Inc.'s complaint for refund of ad valorem taxes paid on certain property for the 1990 tax year. The trial court granted DeKalb County's motion to dismiss, and Parian Lodge appeals from this order. For reasons which follow, we affirm.

Parian Lodge admits that the facts of this case, except for the fair market value of the property on January 1, 1990, are uncontested. The record shows as follows. From January 1, 1990 until May 7, 1991, certain property located in DeKalb County ("the property") was owned by a company known as the Lodge Investors. During this period, the property was encumbered by two security deeds, and Parian Lodge became the holder of at least one of the security deeds by virtue of assignment from the original lender.

In March 1990, Lodge Investors made a return of the property to the DeKalb County Tax Commissioner, claiming a fair market value of $5,000,000. The DeKalb County Board of Tax Assessors issued a notice in April 1990 reassessing the property a fair market value of $11,975,000. In July 1990, the Board of Tax Assessors revised the fair market value of the property to $9,354,000. Lodge Investors did not file any appeal or protest. Parian Lodge alleges it was never notified of the reassessment.

Parian Lodge foreclosed its security deed on the property and acquired the property for a bid price of $1,802,832.40 in May 1991. On June 27, 1991, Parian Lodge paid the taxes due for the year 1990 in the amount of $157,679.05. There is no evidence in the record that Parian Lodge paid these taxes under protest.

In October 1991, the Board of Tax Assessors lowered the 1991 fair market value of the property to $3,825,590. On February 5, 1993, Parian Lodge sent a letter to the DeKalb County Tax Commissioner claiming a refund for the 1990 tax year. Parian Lodge demanded a refund in the amount of $87,908.07, representing the difference between taxes actually paid on the 1990 fair market value of $9,354,400 and taxes which would have been owing on the 1991 fair market value of $3,825,590. The Tax Commissioner denied this refund claim, and Parian Lodge filed its action on May 17, 1993.

Following the Supreme Court's decision in *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645 (458 SE2d 632) (1995), Parian Lodge amended its complaint to add a sec-

ond count claiming inverse condemnation. Subsequently, DeKalb County filed a motion to dismiss, which was granted by the trial court.

1. Parian Lodge asserts the trial court erred in relying on *Gwinnett* and dismissing Count 1 of its complaint. In *Gwinnett*, the Court held that the refund procedure delineated in OCGA § 48-5-380 is limited to the correction of "errors of fact or law which have resulted in erroneous or illegal taxation." Id. at 646-647. According to the Court, "[a] claim based on mere dissatisfaction with an assessment, or on an assertion that the assessors, although using correct procedures, did not take into account matters which the taxpayer believes should have been considered (e.g., different comparable sales for the purpose of establishing value), is not, however, one which asserts that an assessment is erroneous or illegal within the meaning of § 48-5-380." Id. at 647.

Parian Lodge argues that *Gwinnett* is distinguishable on its facts or, alternatively, that this Court should overrule the decision in *Gwinnett*. We cannot, however, overrule *Gwinnett* because decisions of the Supreme Court are binding upon this Court. Therefore, we need address only Parian Lodge's contention that the present case is not controlled by *Gwinnett*.

In *Gwinnett*, the complaining party purchased property in a 1990 foreclosure sale and paid the 1989 property taxes under protest. "Although the previous owner had not challenged the property tax assessment when it was made, [the new owner] filed a claim for a refund of almost half the tax it had paid, asserting that the 1989 assessment was illegal and erroneous because of improper valuation, lack of uniformity, and lack of equalization." Id. at 645. In the present case, Parian Lodge purchased the subject property in a foreclosure sale in 1991 and paid the 1990 property taxes *without* any protest. In addition, as in *Gwinnett*, Parian Lodge filed a claim for refund, asserting "that the Taxpayer was assessed in 1990 at an assessed value greatly in excess of 40% of the fair market value of the Taxpayer's property." The complaint filed by Parian Lodge likewise indicated that the refund claim was based on an improper valuation.

Parian Lodge attempts to distinguish *Gwinnett* by arguing that its status as mortgagee and the holder of a security interest during the 1990 tax year separates it from the *Gwinnett* plaintiff. According to Parian Lodge, the *Gwinnett* plaintiff *voluntarily* purchased the property subject to the tax lien and *voluntarily* paid the tax liability. In contrast, Parian Lodge asserts it directly suffered an economic loss caused by the overvaluation and did *not* voluntarily pay the property taxes in this case because of its status as a holder of a security interest during the tax year in question.

We are not convinced that the factual distinction raised by

Parian Lodge is sufficient to remove this case from the precedent established in *Gwinnett*. There is no indication in *Gwinnett* that the Supreme Court considered the status of the taxpayer as controlling the determination of a refund. As the Court noted in *Gwinnett*, "the determinative factor in deciding whether an action seeking a refund of ad valorem real property taxes may be maintained is not the general nature of the ground asserted, but the underlying facts supporting the asserted ground." Id. at 647.

Viewing the record in the present case, it is apparent that Parian Lodge's claim for a refund of taxes "is based not on any inaccuracy in the factual record or any illegality in the procedure used to reach an assessment, but on a disagreement with the amount of the assessment." Id. Parian Lodge merely asserts that the 1991 assessed value established the fair market value of the property in 1990. "That being so, it is apparent from the record that [Parian Lodge's] claim is not one cognizable as a refund action under [OCGA] § 48-5-380 and that the County was entitled to [a dismissal]." Id. Accordingly, the trial court did not err in granting DeKalb County's motion to dismiss Count 1 of Parian Lodge's amended complaint.

2. Parian Lodge further asserts that its constitutional rights were violated because OCGA § 48-5-306 provides no notice to first mortgagees of reassessment and it was never, therefore, in a position to be heard in an appeal under OCGA § 48-5-311. This appeal was originally filed in the Supreme Court, which transferred it to this Court after determining that the "appeal involves a tax assessment challenge and does not raise the constitutionality of a statute or ordinance. . . ." The Supreme Court has exclusive jurisdiction over appeals challenging the constitutionality of a statute. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). Thus, in the event Parian Lodge properly raised this constitutional issue, we have no jurisdiction to decide the issue. Accordingly, we will not address this enumeration.

3. In its second enumeration of error, Parian Lodge contends that *Gwinnett* established new law and is unconstitutional when applied retroactively. However, contrary to Parian Lodge's argument, *Gwinnett* did *not* establish new law. Parian Lodge cites no case, and we can locate none, prior to *Gwinnett* which allowed a refund claim based upon mere dissatisfaction with the assessed value of the property. Thus, this enumeration lacks merit.

4. Finally, Parian Lodge contends that the trial court erred in dismissing Count 2 of its amended complaint, thereby holding that it had no claim for just compensation under the United States Constitution. Parian Lodge argues that its claim for just compensation was proper because its property rights were taken without either notice or an opportunity to be heard. However, Parian Lodge has failed to cite any authority permitting a taxpayer to file a cause of action for

just compensation due to a tax assessment valuation dispute. No legal basis exists for Parian Lodge's claim that its payment of the tax resulted in an unconstitutional taking of its property without just compensation. Accordingly, we find the trial court did not err in granting DeKalb County's motion to dismiss Count 2 of Parian Lodge's amended complaint.

*Judgment affirmed. Birdsong, P. J., concurs. Eldridge, J., concurs specially.*

ELDRIDGE, Judge, concurring specially.

While concurring fully with what is said in all four divisions of the majority opinion, in regard to Division 2, appellant as the holder to a deed to secure debt is not treated as the taxpayer under OCGA § 48-5-9, because appellant was not in possession of the property although it must see that the taxes are paid to protect its interest in the property. *Anderson v. Alexander*, 179 Ga. 511, 512-513 (1) (176 SE 367) (1934); *Real Estate Loan Co. v. Union City*, 177 Ga. 55, 56 (2) (169 SE 301) (1933); *Decatur County Bldg. &c. Assn. v. Thigpen*, 173 Ga. 363, 364-366 (2)-(6) (160 SE 387) (1931). "While the public may treat property as belonging to one to whom it has been conveyed to secure a debt, yet the debtor in possession and receiving the use and benefit of the property is liable for the tax. This is the logical intent of [OCGA § 48-5-9]." *Carroll v. Richards*, 50 Ga. App. 272, 273 (1) (178 SE 178) (1934). Thus, under the existing statutory scheme appellant is not the taxpayer entitled to notice under OCGA § 48-5-306 or entitled to appeal under OCGA § 48-5-311, notwithstanding the consequences of taxes being assessed and levied upon the property.

The fallacy in appellant's argument regarding notice and lack of remedy is that appellant under usual powers granted in the real estate note and the deed to secure debt could require that all taxes be escrowed and that the holder of the deed to secure debt make the return of property value in its own name under OCGA §§ 48-5-10 and 48-5-15 (a) and pay the taxes, which would entitle it as the taxpayer to receive the notice under OCGA § 48-5-306 and to appeal under OCGA § 48-5-311. Thus, appellant by its own action could protect its interest by receiving notice and acting accordingly; failure to act waives such rights.

DECIDED APRIL 1, 1997 —

*Proctor, Felton & Chambers, Robert J. Proctor*, for appellant.
*Lisa F. Stuckey*, for appellees.