A00A2292. WALKER v. HAMMOCK et al.
(541 SE2d 439)

JOHNSON, Chief Judge.

Warren Walker's sister-in-law, Melinda Walker, pushed him off the back porch of the residence of Leslie Hammock and Renee Sullivan, and he severely dislocated his ankle in the fall. Warren Walker sued his sister-in-law, Hammock and Sullivan for damages. The trial court granted Hammock and Sullivan's motion for summary judgment, and Warren Walker appeals. We affirm because when Melinda Walker intentionally pushed her brother-in-law off the porch, her actions became the sole proximate cause of his injuries.

On appeal of the grant of summary judgment, this court applies a de novo review of the evidence to determine whether any genuine question of material fact exists.[1] Summary judgment is appropriate where the moving party can show that there is no genuine issue of

---

[1] *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

material fact and that the movant is entitled to judgment as a matter of law.[2] A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[3]

Warren Walker and his girlfriend attended the Buggy Day Parade in Barnesville on the afternoon of September 21, 1999. Warren Walker encountered Hammock after the parade, and Hammock invited him and his date to attend a social gathering at Hammock's home. Warren Walker arrived at the Hammock and Sullivan residence near dusk. After drinking a few beers from the keg provided for the guests, he began a conversation with Dexter Burnette on the back porch. The porch was constructed several feet above the ground and had no guardrails or handrails or other barrier on its perimeter. Burnette told Warren Walker that Melinda Walker had pushed him off the steps on the side of the house. Warren Walker told Burnette that his sister-in-law would not push him. After making this statement, however, Warren Walker felt an impact to his body, caught his balance and turned to see Melinda Walker. She shoved him a second time, and, as a direct result, Warren Walker fell off the porch. He landed on some rocks and dislocated his ankle.

The uncontroverted testimony of Hammock and Sullivan is that neither one knew that Melinda Walker had pushed Burnette until they discovered that she had also pushed Warren Walker.

1. Warren Walker tries to present this case as a "slip and fall." He claims that the porch, with its lack of guardrails, posed an unreasonable risk to Hammock and Sullivan's guests. As our Supreme Court noted in *Robinson v. Kroger Co.*,[4] "the 'routine' issues of premises liability . . . are generally not susceptible of summary adjudication." However, we are presented with what would be more accurately described as a "push and fall."

> It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury.[5]

---

[2] OCGA § 9-11-56 (c).

[3] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[4] 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997).

[5] (Citation and punctuation omitted.) *Levangie v. Dunn*, 182 Ga. App. 439, 440 (1) (356 SE2d 88) (1987).

Similarly,

> An intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury thus breaking the causal connection between the defendants' negligence and the injury unless the criminal act was a reasonably foreseeable consequence of the defendants' conduct.[6]

We need not analyze this case under the rubric of premises liability because the sole proximate cause of Warren Walker's injury was that he was pushed by his sister-in-law. Her actions were both intentional and unforeseeable by the defendants. We find no authority for the proposition that, because Hammock and Sullivan served alcohol at their party, they would have reason to anticipate Melinda Walker's actions.[7] We are also unpersuaded by Warren Walker's attempts to classify the push as a roughhouse or jest and unintentional in nature. There is no question here of an incidental or unintended quality to Melinda Walker's conduct. She shoved Warren Walker, not once, but twice, using both hands, and only succeeded in dislodging him from the porch the second time. And as between the defendants and Warren Walker, the evidence shows that Warren Walker at least had some advance warning of his sister-in-law's conduct, while there is no evidence that the defendants knew or should have known that Melinda Walker posed any danger to their guests.[8]

2. Warren Walker argues that Hammock and Sullivan are liable to him as joint tortfeasors with Melinda Walker. In order to establish a joint tortfeasor relationship, Warren Walker must show that the defendants' act combined naturally and directly to produce his injury.[9] However, as discussed in Division 1 above, Melinda Walker's intentional and unforeseeable act prevents any alleged negligence by Hammock and Sullivan from acting as a proximate cause of Warren Walker's injury. Accordingly, neither Hammock nor Sullivan can be said to have acted jointly with Melinda Walker.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[6] (Citation and punctuation omitted.) *Alexander v. Sportslife*, 232 Ga. App. 538, 540 (502 SE2d 280) (1998).

[7] See *Levangie*, supra (Even where patrons were allowed to consume alcoholic beverages on the premises without a permit and the guests were inadequately supervised, defendant "had no duty to protect [plaintiff] against such an intervening cause as a fellow partygoer walking up to and shaking him.").

[8] *Aldridge v. Tillman*, 237 Ga. App. 600, 605-606 (3) (516 SE2d 303) (1999) (plaintiff and defendant had equal knowledge that plaintiff's stepgrandfather might attack him).

[9] See *Johnson v. Landing*, 157 Ga. App. 313, 317 (2) (277 SE2d 307) (1981).

DECIDED NOVEMBER 2, 2000.

*William A. Adams, Jr.*, for appellant.

*Beck, Owen & Murray, Samuel A. Murray, William M. Dallas III, Alan W. Connell*, for appellees.