## A01A2358. PIKE NURSERIES, INC. v. ALLEN et al.
### (558 SE2d 834)

MILLER, Judge.

The question on appeal is whether the trial court erred in not following recent Supreme Court of Georgia authority requiring that a parent be physically impacted and injured in an accident in order to recover for emotional distress caused by seeing a child injured in the accident. We hold that the trial court erred and reverse its denial of partial summary judgment to the defendant.

When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence.[1] Construed in favor of the plaintiffs, the evidence showed that Pike Nurseries, Inc. maintained a concrete display fountain at its business that fell upon Kenneth and Annette Allen's five-year-old daughter. Alleging they both witnessed the accident or its aftermath, Kenneth and Annette sued Pike, inter alia, for intentional infliction of emotional distress, alleging that Pike's wilful and wanton misconduct in negligently maintaining the fountain resulted in the accident. The parents, however, admitted in their depositions that the fountain did not physically impact them. Pike moved for partial summary judgment on the claims for mental and emotional distress.

In the order denying Pike's motion, the trial court acknowledged that *Lee v. State Farm &c. Ins. Co.*[2] recently reaffirmed that a parent's recovery for the emotional distress of witnessing a child's injury requires that the parent sustain a direct physical impact along with the child. Nevertheless, citing to the *Lee* special concurrence (joined in by only two justices), the trial court rejected this requirement and held that even without physical impact to the parents, a jury could find in favor of the parents.

1. The trial court's ruling is obviously contrary to the most recent majority decision of the Supreme Court of Georgia regarding Georgia's impact rule. As the trial court noted, *Lee* still requires that the parent sustain a direct physical impact and resulting physical injury, along with the child, for a parent to recover for the emotional distress of witnessing the child's injury,[3] and here the Allens admitted that neither of them sustained any such impact let alone resulting physical injury. The Court of Appeals nor the trial court has the authority to overrule decisions of the Supreme Court of Georgia.[4] Accordingly, the trial court should have granted Pike's motion for partial sum-

---

[1] *Bulloch South, Inc. v. Gosai*, 250 Ga. App. 170 (550 SE2d 750) (2001).
[2] 272 Ga. 583, 588 (III) (533 SE2d 82) (2000).
[3] Id. at 584 (I).
[4] Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI; see *Parian Lodge v. DeKalb County*, 225 Ga. App. 853, 854 (1) (485 SE2d 545) (1997).

mary judgment unless the impact rule exception discussed in Division 2 applies.

2. The only exception to the impact requirement is "when the alleged conduct directed toward the plaintiff is malicious, wilful or wanton."[5] Although the Allens do not contend that Pike's conduct was malicious, they do contend that a jury should be allowed to decide whether it was wanton and wilful, principally on the basis that the store manager testified in his deposition that the base, bowl, and statue of the fountain were intended to balance on each other without any fastening.

To prove the wilfulness or wantonness required by this exception, however, the Allens were required to show that the conduct was specifically directed at them and not at Pike's visiting customers generally. In *Ford v. Whipple*,[6] the defendant sped through a red light and collided with a vehicle in which the child (on whose behalf the suit was filed) was a passenger. Although the child was physically uninjured, its claim for emotional distress alleged that the defendant's conduct was wilful and wanton. Disallowing the claim, *Ford* explained:

> Disregard of general consequences is a part of wanton behavior, but the exception to the impact rule requires more; the wantonness must be directed to the plaintiff. To say the actor's conduct is directed at anyone who is in the path ignores the additional requirement. Such an analysis would create the tort of negligent infliction of emotional distress and ignore the rule that even malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff.[7]

Similarly, under the circumstances presented in the record the evidence did not show that Pike's conduct with respect to the fountain was specifically directed to the plaintiffs as opposed to anyone who was in the vicinity of the fountain.[8] Accordingly, we hold that the trial court erred in its denial of Pike's motion for partial summary judgment.

*Judgment reversed. Andrews, P. J., and Eldridge, J., concur.*

---

[5] (Citations omitted.) *Lee*, supra, 272 Ga. at 584, n. 2.
[6] 225 Ga. App. 276 (483 SE2d 591) (1997).
[7] (Citations and punctuation omitted.) Id. at 278.
[8] Compare *Poole v. City of Louisville*, 107 Ga. App. 305, 308 (1) (130 SE2d 157) (1963) (conduct of officers chasing plaintiff's car was clearly directed to plaintiff).

314

*Weissman, Nowack, Curry & Wilco, Charles B. Waters, Jr.*, for appellant.

*James B. Gurley*, for appellees.