## 50295. WRIGHT v. THE STATE.

WEBB, Judge.

An Atlanta police officer, assigned to the South Fulton unincorporated area, in the process of answering a domestic call on Buck Hurst Trail outside the corporate limits of Atlanta, arrested Ruth F. Wright on two charges, driving an automobile under the influence of intoxicating liquor, and operating an automobile without a driver's license. Mrs. Wright's motion to suppress was overruled, a certificate for immediate review was obtained, and she enumerates three alleged errors, the first being the trial court's action in overruling her motion to suppress; the second being the court's finding that "the arrest made by the City of Atlanta police officer outside the city limits . . . was a valid arrest and that the evidence obtained was and is admissible"; and the third being that "the court erred in holding that said police officer also had arresting powers as a private citizen outside the city limits of Atlanta under Code Ann. § 27-207." *Held:*

Generally officers of a municipality have no power to make arrests beyond the corporate limits of such municipality, "unless such jurisdiction is given by local or other laws." Ga. L. 1937-38, Ex. Sess., pp. 558, 561 (Code Ann. § 92A-509). An Act approved February 21, 1951 (Ga. L. 1951, pp. 591, 595) provides that in all counties having within their boundaries the greater part of a city with a population of 300,000 or more, the county authorities shall determine what police services are required, and shall call upon the city to furnish them. The city shall furnish such services at cost, and thereafter the county shall maintain only such limited police service as required by the Act.[1] The Act provides specifically, in Section 13, that "Each of the persons performing county police duties as contemplated herein shall have the same power to make arrests, to execute and return all criminal

[1]The constitutionality of the Act, and the validity of the contract pursuant thereto between Fulton County and City of Atlanta, were adjudicated and upheld in *Barge v. Camp,* 209 Ga. 38 (70 SE2d 360).

warrants and processes and serve as peace officers as sheriffs now have." Id., supra, p. 595.

We hold that pursuant to such Act a City of Atlanta police officer assigned to the unincorporated area of Fulton County has authority to make arrests in such unincorporated area, and that the arrest in this case was legal. The sole ground to suppress the evidence was that the arrest was illegal, and that having fallen, the trial court was correct in overruling the motion to suppress.

It is unnecessary, in view of our holding, to consider the third enumeration of error. In any event it may be considered as having been abandoned, since appellant gave no argument or citation of authority thereon. Rule 18 (c, 2), this court.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED MARCH 3, 1975 — DECIDED MARCH 17, 1975 — REHEARING DENIED MARCH 31, 1975.

*Larry Cohran,* for appellant.

*Hinson McAuliffe, Solicitor, Thomas R. Moran, Frank A. Bowers, Assistant Solicitors,* for appellee.