65436. POSS v. THE STATE.

CARLEY, Judge.
Appellant appeals from his conviction of driving under the influence of alcohol.

1. Appellant first enumerates as error the trial court's ruling that the police officers of the City of Cumming had jurisdiction to arrest him. The court's ruling in this regard was initially made at a pre-trial motion hearing and then reiterated at trial through the denial of appellant's motion for directed verdict. Appellant bases his contention regarding jurisdiction on the fact that the officers stopped and arrested him outside of the city limits of Cumming.

The following evidence was adduced at trial and at the motion hearing: Two officers of the City of Cumming Police Department were patrolling the city in their vehicle at approximately 3:00 a.m. when they observed appellant's vehicle approaching from the opposite direction and travelling toward the city limits boundary. They saw appellant's vehicle run off the road to the right, return to the roadway, and then cross the yellow line. Before the officers could turn their car around in order to follow appellant and investigate his erratic driving, two more cars travelling in appellant's direction passed by. After turning their vehicle, the officers, although separated by some distance and the two intervening automobiles, again observed that appellant's car was weaving. When both of the intervening vehicles subsequently turned off the main road, the officers caught up with appellant's automobile. At that time, appellant's vehicle was still inside the city limits, but was about to enter a curve in the road. The officers waited until appellant had safely negotiated the curve before they turned on the patrol car's blue lights and siren. By that time, both vehicles were beyond the city limits. Appellant pulled over and the officers arrested him for driving under the influence of alcohol.

The officers testified at trial that they did not turn on the patrol car's blue lights or siren while appellant's vehicle was in the curve for reasons of safety, as there was a ditch beside the road and no shoulder on which to pull over. One of the officers testified, "We do not stop anybody in a curve." After his arrest, appellant was taken to city hall where a breath test was administered.

OCGA § 40-13-30 (Code Ann. § 92A-509) provides: "[O]fficers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality, unless such jurisdiction is given by local or other law." However, an exception to this rule is recognized in instances in which "hot pursuit" of an offender takes a municipal officer beyond his geographical limits in order to effectuate an arrest. *Wooten v. State,* 135 Ga. App. 97, 98 (217 SE2d 350 (1975); *Shirley v. City of College Park,* 102 Ga. App. 10 (2) (115 SE2d 469) (1960). See also *Martasin v. State,* 155 Ga. App. 396, 397 (2) (271 SE2d 2) (1980); *Askew v. State,* 145 Ga. App. 164 (1) (243 SE2d 334) (1978); *City of Winterville v. Strickland,* 127 Ga. App. 716, 718 (2) (194 SE2d 623) (1972). Appellant argues that the "hot pursuit" exception is inapplicable in his case because the officers' actions in following him were not characteristic of the elements normally associated with the "hot pursuit" of automobiles. Appellant points out that the officers pursued him at the moderate speed of 45 mph, that he was not exceeding the speed limit, and that, at one point, the officers temporarily lost sight of appellant's vehicle.

There is no question that, based upon appellant's driving behavior, the officers in the instant case had the legal authority to initiate a pursuit of appellant and, if necessary, to go outside of the city's geographic limits in order to effectuate an arrest. *Shirley v. City of College Park,* supra. See also *Rick v. State,* 152 Ga. App. 519 (263 SE2d 213) (1979); *Askew v. State,* supra. The fact that the officers did not engage in a high speed chase in their pursuit of appellant, does not necessarily mandate a finding that appellant's stop and arrest beyond the city limits were unauthorized under the "hot pursuit" doctrine. We believe that the critical elements characterizing "hot pursuit" are the continuity and immediacy of the pursuit, rather than merely the rate of speed at which pursuit is made. See 5 AmJur2d 743, Arrest, § 51. Reason compels the conclusion that the doctrine of "hot pursuit" authorized the officers to pursue appellant and to stop and arrest him at the first opportunity for doing so which was, under the circumstances, *safe* for all concerned — appellant, the officers and other motorists. "[T]he officer had both the authority and the duty to insure that no harm occurred as a result of his pursuit and arrest." *Wooten v. State,* supra, at 99. From a review of the undisputed evidence in the instant case, it appears that this safe

opportunity first presented itself just after both vehicles had travelled outside of the city limits. Because of the delay caused by the need to turn their vehicle around, the intervention of the two other vehicles and the appellant's subsequent passage into the potentially dangerous curve in the road, the officers were unable to effectuate a safe stop of appellant's automobile while it was still within the city limits. Therefore, the trial court did not err in ruling that the city police officers had jurisdictional authority to arrest appellant.

2. Appellant also enumerates as error the trial court's refusal to give appellant's request to charge the jury on the officers' authority to make arrests and its further refusal to otherwise allow that issue to be placed before the jury. In arguing that the court erred in ruling that no mention of this issue could be made to the jury, appellant relies on legal authority pertaining to the requirement that venue be proven and that proof of venue is a matter for jury resolution.

There is no connection between the authority of the city police to arrest appellant — the subject of this enumeration — and the issue of venue. Venue relates to the place of trial. Criminal actions shall be tried in the county where the crime was committed. OCGA § 17-2-2 (a) (Code Ann. § 26-302). Proof of venue is an essential element of the state's case in a criminal case and must always be proven at trial. On the other hand, the officer's underlying authority to arrest is not an essential element of the state's case and it is not even at issue in a criminal case unless that authority is contested. As we have held in Division 1 above, as a matter of law based upon the undisputed evidence, the stop and arrest were within the officers' jurisdictional authority. Therefore, no jury question was presented in this regard. The trial court did not err in refusing to give the requested charge on authority to arrest or in refusing to submit that issue to the jury.

3. "The sole ground [on appeal of the denial of appellant's motion] to suppress the evidence [of the intoximeter results] was that the arrest was illegal; and that having fallen [see Division 1, above], the trial court was correct in overruling the motion to suppress." *Wright v. State,* 134 Ga. App. 406, 407 (214 SE2d 688) (1975).

4. Appellant next contends that the court erred in admitting the results of the Auto-Intoximeter breath test into evidence over objections to the qualifications of the officer who administered it. Our review of the transcript shows that there was no error. See OCGA § 40-6-392 (a) (Code Ann. § 68A-902.1); *Hunter v. State,* 141 Ga. App. 276 (2) (233 SE2d 252) (1977). See also *Helmly v. State,* 142 Ga. App. 577 (1) (236 SE2d 540) (1977). Appellant's reliance on *Elam v. State,* 125 Ga. App. 427 (187 SE2d 920) (1972) and *Loar v. State,* 142 Ga. App. 875 (237 SE2d 237) (1977) to attack the qualifications of the officer who administered the test is misplaced as those cases are

clearly distinguishable on their facts.

5. Appellant also contends that the trial court erred in permitting the prosecutor to refer in his opening argument to the results of the breath test. "[T]he prosecution in its opening statement is permitted to state what it intends to prove . . ." and when evidence is subsequently presented to prove same, there is no error. *Pinion v. State,* 225 Ga. 36, 38 (5) (165 SE2d 708) (1969). See also *Kelley v. State,* 98 Ga. App. 324 (1) (105 SE2d 798) (1958).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 23, 1983.

*Jane Kent Plaginos,* for appellant.
*Elliott R. Baker, Solicitor,* for appellee.