70904. McLARTY v. THE STATE.
(336 SE2d 273)

Birdsong, Presiding Judge.

The defendant, Scott McLarty, appeals his conviction for the offense of driving under the influence of intoxicants. On the evening of August 16, 1983, the Chief of Police of Statham, Georgia, was sitting in his patrol car by the side of U. S. 29, which traverses Statham. The speed limit is 35 miles per hour. The chief observed defendant drive his 1982 Pontiac Trans Am through Statham at a speed he estimated at "about 60 to 65." The officer turned on his blue lights and siren of his police car and started pursuit. The chase led through Barrow County, through Oconee County, and into Clarke County, about 4.5 miles. The chief said he caught up to the defendant at the Barrow County line and was only "a hundred yards behind him. . . ." During the chase, the officer reached speeds of 80 miles per hour, but "he'd go on and leave me." The Chief of Police of Bogart joined in the chase at the time it went through his city. The defendant stopped in Clarke County and was arrested.

Chief McElhannon was of the opinion that defendant "was under the influence. . . ." He said that he could smell the odor of alcohol, defendant was weaving, and he leaned on his car. The officer asked McLarty if he would consent to take the field DUI test on an "alcosensor." After taking the test, defendant was taken to the Barrow County jail and an intoximeter test was taken. The results of both tests were excluded. McLarty admitted he had two drinks earlier in the day but denied he was intoxicated. He stated that his inability to stand erect and the reason he leaned on his car related to an injury he sustained in an aircraft accident in 1981. McLarty appeals from a conviction before the judge, without a jury. Held:

1. At trial the defendant testified that in the Mayor's Court of Statham, he filed a discovery motion and a motion to dismiss. He stated that "the issue that I wanted to raise was whether or not the court had the authority, or any authority whatsoever, to make a determination of guilt or innocence. . . . I didn't want this bound over, and I didn't demand a jury trial in Statham. As a matter of fact, I very clearly said, I want it decided here. . . . THE COURT: To determine whether or not that court could constitutionally try the case

that had been brought before it. Is that correct? A. That's correct."

On appeal he enumerates error in the Statham Mayor's Court "by asserting jurisdiction over the case and binding it over to the superior court, where the judge of the mayor's court was also the chief executive of the hearing [sic]." In his brief defendant argues that "a defendant's due process rights are violated when his [sic] is forced to stand trial before the mayor of a municipality that derives a substantial portion of its income from traffic fines." We are in agreement with the appellant that *Ward v. Village of Monroeville,* 409 U. S. 57 (93 SC 80, 34 LE2d 267), forbids a "trial" before a mayor who is responsible for that city's finances and whose court that he presides over, through fines, forfeitures, and fees, provides a substantial portion of his city's revenue. However, we find no foundation in the facts of this case to invoke this ruling.

First, there is no showing that a "trial" was ever held before the Mayor's Court in Statham. Defendant admits, in his brief, that "[t]he initial hearing below was held in the Mayor's Court in Statham. . . . The mayor's refusal to rule on the motions was improper because it denied the defendant a judgment on the merits in the very court before which he had been commanded to appear." It would appear that the "hearing" before the mayor's court was nothing more or less than a committal hearing. See OCGA §§ 17-7-20; 17-7-22. And, the duty of a committal court "is simply to determine whether there is sufficient reason to suspect the guilt of the accused and to require him to appear and answer before the court competent to try him. Whenever such probable cause exists, it is the duty of the court to commit." OCGA § 17-7-23 (a). On the record before us, it cannot be seriously contended there was not sufficient probable cause to bind the defendant over for trial.

Defendant has attempted to extend the ruling of *Ward,* supra, which applies to trials and a determination of guilt and innocence, to a committal hearing before a person who determines only probable cause. First, defendant has failed to make a showing that the City of Statham derives a substantial portion of its income from fines, forfeitures, and fees collected in its mayor's court. This matter could have been pursued in the Barrow County Superior Court if defendant contends such fact would disqualify a committal court from deciding an issue of probable cause. Secondly, this court declines to extend the *Ward* holding, dealing with trials, to a committal court, which deals only with probable cause to bind a defendant over for trial. *Ward* decried the determination of guilt or innocence of an accused before a judge whose objectivity may be questioned, or colored, by the desire for revenue for his city, and directed trial before a disinterested and impartial judicial officer. That result was reached in this case. There is no contention that the superior court judge was not a disinterested

and impartial trier of fact. We find no fault with the procedure followed.

2. It is alleged that the trial court erred in finding the opinion testimony of the arresting officer sufficient to prove beyond a reasonable doubt that defendant was intoxicated. We do not agree. The officer testified that in his opinion the defendant "was under the influence," he was weaving, leaning on his car, and he could smell the odor of alcohol. The defendant admitted that he had two drinks earlier in the day and argued that because the officer smelled the alcohol he reached a "premature conclusion [which]. colored his judgment. . . ." He explained that he leaned on the car and could not stand erect because of an aviation accident in which he had sustained severe lumbar injuries. This statement was supported by a doctor's affidavit.

The trier of fact is the exclusive judge of credibility and weight to be accorded the evidence. *Harris v. State*, 155 Ga. App. 530 (1) (271 SE2d 668). When viewed in the light favorable to the verdict, the evidence presented was sufficient to enable any rational trier of fact to find the existence of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Rutledge v. State*, 245 Ga. 768, 769 (267 SE2d 199).

3. It is contended that "there was no basis to support the charge of driving under the influence where the arresting officer did not observe any act of defendant within his jurisdiction to support such charge." Admittedly, officers of an incorporated municipality have no authority to make arrests beyond the corporate limits of such municipality unless "such jurisdiction is given by local or other law." OCGA § 40-13-30. An exception to this rule is recognized in instances of "hot pursuit." *Poss v. State*, 167 Ga. App. 86, 87 (305 SE2d 884). Here, pursuit of the offender began within the jurisdiction of the arresting officer and concluded in another jurisdiction, Clarke County. There is no doubt that whether we label the officer's attempt to arrest the defendant "hot pursuit" or "fresh pursuit," (see 6A CJS 34, Arrest, § 18), based upon what the Chief of Police of Statham observed within his jurisdiction, the officer had the legal authority to initiate pursuit of the defendant, and, if necessary, to go outside the city's geographic limit in order to effect an arrest for the traffic violations committed in the officer's presence, within the geographic limits of the City of Statham. Having determined that the officer's stop and arrest of the defendant for the traffic offenses was authorized, then any other offense observed at the time of the stop, when the officer was lawfully in a place he was authorized to be, would be permissible to be added to the original offense which authorized the initial stop and arrest. See *Martasin v. State*, 155 Ga. App. 396 (271 SE2d 2); *Wooten v. State*, 135 Ga. App. 97 (1) (217 SE2d 350). Clearly, if the defendant was driving under the influence in Clarke County, he was driving under

the influence in Barrow County, four and one-half miles earlier. This enumeration is without merit.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 24, 1985 —
REHEARING DISMISSED OCTOBER 16, 1985.

*Scott McLarty*, pro se.
*Timothy G. Madison, District Attorney, Larry L. Duttweiler, T. David Motes, Assistant District Attorneys*, for appellee.