## 75173. DELONG v. THE STATE.
(363 SE2d 811)

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol and he appeals. Appellant contends the trial court erred by denying his motion in limine and his motion to suppress evidence. The court made no ruling on appellant's motion in limine, and when an appellant fails to invoke a ruling on his motion, he has waived the issue for purposes of appeal. *Dover v. State*, 250 Ga. 209, 212 (4) (296 SE2d 710) (1982); *McCutchen v. State*, 177 Ga. App. 719, 722 (4) (341 SE2d 260) (1986).

In regard to appellant's motion to suppress evidence, we have no transcript of the hearing on the motion. However, the trial court made detailed findings of fact showing that R. L. Smith, a Jonesboro, Georgia, police officer, first observed appellant's vehicle almost hit another car after appellant made a right turn. Smith followed appellant's vehicle and observed it go off the right side of the road; return to the road and cross the centerline; and travel at an excessive rate of speed. All of these incidents occurred within the city limits of Jonesboro and were observed by Smith as he followed appellant's car. Just before reaching the city limits Smith turned on his emergency blue lights, and despite the fact that appellant was not trying to flee from Smith, appellant was not arrested until he was nine-tenths of a mile outside the Jonesboro city limits. Based on these facts the trial court found that Smith had probable cause to believe that certain traffic offenses had occurred in his presence, and that Smith's pursuit of appellant was sufficiently continuous and uninterrupted to constitute fresh pursuit.

Appellant agrees with the facts as found by the court, but argues that under the provisions of OCGA § 40-13-30 Smith had no power to make an arrest outside the city limits of Jonesboro. That section provides, in pertinent part: "State highway patrolmen and any officer of this state . . . or municipality thereof having authority to arrest for a criminal offense of the grade of misdemeanor shall have authority to prefer charges and bring offenders to trial under this article, provided that officers of an incorporated municipality shall have no power to

make arrests beyond the corporate limits of such municipality unless such jurisdiction is given by local or other law." Appellant argues that there is no local or other law which authorized Smith to arrest appellant outside the city limits of Jonesboro, and thus, his arrest was illegal. This argument is without merit.

This court has held that regardless of whether an officer's actions constitute "hot pursuit" or "fresh pursuit," a city police officer who observes a person commit a traffic violation within the geographic limits of the officer's jurisdiction is authorized to initiate pursuit, and if necessary, go outside the city's geographical limits in order to effect an arrest for traffic violations committed in the officer's presence. *McLarty v. State*, 176 Ga. App. 433, 435 (3) (336 SE2d 273) (1985). "Having determined that the officer's stop and arrest of the defendant for the traffic offenses was authorized, then any other offense observed at the time of the stop, when the officer was lawfully in a place he was authorized to be, would be permissible to be added to the original offense which authorized the initial stop and arrest." Id. Thus, under the holding in *McLarty* Smith was authorized to arrest appellant outside the city limits of Jonesboro when he observed appellant commit traffic violations within Smith's jurisdiction, and pursued appellant to effect an arrest for such traffic violations. After stopping appellant Smith became aware that appellant was intoxicated, which authorized Smith to charge appellant with driving under the influence of alcohol. Accordingly, it was not error to deny appellant's motion to suppress evidence of the results of a chemical test showing appellant's alcohol content, taken after his arrest.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 30, 1987 —
REHEARING DENIED DECEMBER 15, 1987 — 

*Keith C. Martin*, for appellant.
*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant Solicitor*, for appellee.