A92A1512. HORTON v. THE STATE.
(424 SE2d 882)

POPE, Judge.

Defendant Gerald T. Horton appeals his conviction for driving under the influence, improper driving on a roadway and driving without a driver's license on his person. Construing the evidence in the light most favorable to support the verdict, the evidence showed that on September 13, 1991 at approximately 8:00 p.m., the defendant made a wide turn from Fairfield Circle onto the Atlanta Highway in Clarke County, Georgia. When defendant turned onto the Atlanta Highway, he pulled into the path of the arresting officer who had to apply his brakes quickly to avoid hitting defendant. Defendant quickly turned onto State Highway 78 and the officer pursued him after waiting for oncoming traffic to clear. While the officer pursued defendant he observed the defendant cross the inside lane and drive onto the dirt median. As the officer approached the defendant's truck he realized the county line separating Clarke County and Oconee County was quickly approaching. The officer activated his emergency lights to signal defendant to stop within Clarke County. Defendant, however, did not immediately heed the officer's signal to stop and finally stopped his vehicle approximately one mile inside Oconee County. After conducting field sobriety tests on defendant and obtaining a positive result on an Alco-Sensor test, the officer arrested defendant for the offenses of which he was convicted.

1. Defendant argues the trial court erred in refusing to allow him to cross-examine the arresting officer regarding his admitted violation of OCGA § 40-6-6. That Code section authorizes emergency vehicles, inter alia, to exceed the maximum speed limits while in pursuit of a law violator but provides that the emergency vehicle must use an au-

dible signal and flashing or revolving red light while exceeding the maximum speed limit. The defendant was allowed to question the arresting officer about exceeding the speed limit and failing to activate his emergency equipment while pursuing the defendant. The trial court, however, limited the defendant's questioning of the officer about whether the officer's conduct violated OCGA § 40-6-6.

We hold the trial court properly exercised its discretion in limiting the defendant's questioning of the arresting officer concerning whether the officer's conduct violated OCGA § 40-6-6. " 'Every party has the right to a thorough and sifting cross-examination of the witnesses called against him. OCGA § 24-9-64. However, the trial court may restrict the scope of the cross-examination to matters relevant to the issues being tried, and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused. [Cits.]' [Cit.] Since the officer's guilt or innocence of the offense of [violating OCGA § 40-6-6] was not an issue in the case sub judice, the trial court did not abuse its discretion in curtailing defendant's cross-examination of the witness." *Banks v. State*, 178 Ga. App. 54, 55 (2) (341 SE2d 859) (1986).

2. Defendant argues because his arrest occurred outside the jurisdiction of the arresting officer the arrest was unlawful. This issue is governed adversely to defendant by our decisions in *DeLong v. State*, 185 Ga. App. 314 (363 SE2d 811) (1987) and *McLarty v. State*, 176 Ga. App. 433 (3) (336 SE2d 273) (1985).

3. Contrary to defendant's contention otherwise, venue was proper in Clarke County. See *McLarty*, 176 Ga. App. at 435 (3).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 10, 1992.

*David W. Griffeth*, for appellant.
*Kenneth W. Mauldin, Solicitor*, for appellee.