## A93A2262. HASTINGS v. THE STATE.
### (441 SE2d 83)

SMITH, Judge.

David Mark Hastings pled guilty to a charge of being a habitual violator, OCGA § 40-5-58, and properly reserved the right to appeal the denial of his motion to suppress. See *Mims v. State*, 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991).

In his sole enumeration of error, Hastings contends the trial court erred in denying his motion because the evidence supporting the charge was obtained in an illegal stop and arrest.

The evidence presented at the hearing on the motion to suppress showed that on June 28, 1992, shortly after coming on duty at midnight, Deputy James Reed of the Rabun County Sheriff's Department was informed of a "lookout" for a possible stolen pickup truck, described as a 1987 blue Ford F-250. The tag number was given. He was informed that the person driving the truck was Hastings, that Hastings had no driver's license, and that a bench warrant had been issued for Hastings for failure to appear in court. Reed was parked in the Tallulah Falls area of Rabun County less than a mile from the Habersham County line. At about 1:00 a.m., he observed a truck matching the description in the "lookout" pass him. He pulled out after the truck to determine whether it was the one reported stolen. When he was able to observe the license tag number, he confirmed that the truck was the one described in the "lookout" and continued his pursuit. The truck was traveling at or under the speed limit, but Reed observed it weaving across the centerline. After contacting his dispatcher and requesting help from Habersham County, he continued following the truck. He testified that he intended to continue until meeting up with the Habersham County officers, but when the truck turned onto a side road, he was afraid of losing it and felt it necessary to stop the truck. The stop was made more than a mile into Habersham County.

Reed approached the truck and asked the driver, later identified as Hastings, for his driver's license and proof of insurance. Hastings could produce no license, but offered an insurance card. A passenger was identified. He was asked to step out of the truck, and Reed observed several open containers of beer in the truck. Reed testified

that Hastings had glassy, watery eyes and a strong odor of alcohol on his breath and that he stumbled when he got out of the truck. Reed arrested Hastings, handcuffed him, and placed him in the back of his patrol car. Because the Habersham County officers had been alerted, he waited until they arrived before transporting Hastings back to Rabun County.

1. Hastings first argues that his arrest was illegal because he was arrested in Habersham County by a Rabun County officer who had not personally observed a criminal act in Rabun County. We do not agree.

"Ordinarily, as a matter of legal policy, a peace officer has power of arrest only in the territory of the governmental unit by which he was appointed, but there are exceptions to this rule. [Cit.]" *Watkins v. State*, 207 Ga. App. 766, 771 (430 SE2d 105) (1993). In *City of Winterville v. Strickland*, 127 Ga. App. 716, 718-719 (2) (194 SE2d 623) (1972), this court identified two exceptions, holding that former Code Ann. § 92A-509 (substantially identical to current OCGA § 40-13-30), dealing with arrests for traffic offenses, "provides by implication that certain officers (including deputy sheriffs) have arrest powers for these offenses outside their appointed territories. This interpretation is compelled by the statute's specific territorial restriction of only municipal officers. However, under common law even a municipal officer has power of arrest outside his city limits when a 'hot pursuit' situation exists." Id. at 719. Reed's pursuit of Hastings therefore was authorized. It follows that Reed also had authority to arrest Hastings when the pursuit was successful. See *Horton v. State*, 206 Ga. App. 242, 243 (2) (424 SE2d 882) (1992).

2. We likewise do not agree with Hastings that probable cause was lacking for the arrest. Although the truck eventually was determined not to have been stolen, that has no bearing on the validity of the pursuit. When Reed was pursuing Hastings, he was doing so lawfully in response to information that the truck Hastings was driving had been reported stolen. In addition, a bench warrant had been issued for Hastings. Both reasons provided sufficient articulable suspicion for the stop. In addition, once in Habersham County, Reed observed the truck weaving. When the valid stop was made, Reed's senses provided probable cause for the arrest. See *Delong v. State*, 185 Ga. App. 314, 315 (363 SE2d 811) (1987).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 7, 1994.

*Timothy P. Healy*, for appellant.
*Michael H. Crawford, District Attorney, George Guest, Assistant*

*District Attorney*, for appellee.