## A94A2665. DARBY v. THE STATE.
### (455 SE2d 850)

Pope, Presiding Judge.

Following a bench trial, Dermain Darby was convicted of one count of armed robbery. On appeal, defendant contends that the trial court erred in denying his motion to suppress in that there was no probable cause to search his residence, there were no exigent circumstances to justify an exception to the warrant requirement, and he did not consent to the search.

A man brandishing a handgun entered the Greyhound bus station, ordered a Greyhound employee to give him money and left. Police Officer Brasher received notice of the armed robbery from radio dispatch and was told to be on the lookout for a white Camaro driven by a black male. Brasher soon observed a white Camaro driven by a black man. Brasher turned his vehicle around and, according to his testimony on cross-examination, decided to follow the vehicle "to investigate further." The car turned into an apartment complex and Brasher lost sight of it for ten to fifteen seconds. Thereafter, he observed an unoccupied white Camaro parked in the complex. Two unidentified black males approached Brasher and told him that the men in the car exited the vehicle and ran behind the building. Brasher proceeded to the rear of the building, where he saw two black males exit an apartment and move toward him. Both men were forced to the ground and frisked by the officer. Brasher found a set of keys in the pocket of one man, who claimed he was the owner of the Camaro. Another officer, Captain Ball, arrived and found three more people, including defendant, in an apartment. He requested defendant's permission to search the residence. He informed defendant he would secure a search warrant if consent was refused. Defendant disputes the officer's contention he granted permission to search. Weapons, contraband, and other incriminating evidence were found during the search.

"[T]he trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State,* 264 Ga. 319,

320 (443 SE2d 474) (1994).

1. In his first two enumerations of error defendant contends there was no probable cause to search his residence and no exigent circumstances which would justify the warrantless search of his residence. When Brasher frisked the men leaving the apartment he had only the following information: a black male driving a white Camaro committed an armed robbery of a Greyhound station; one of the men who exited the apartment was the owner of a white Camaro that may have been the vehicle he was following; an unidentified person told him the occupants of the car ran around the back of the apartments. These facts are similar to those in *Vansant*, in which the officer was notified by radio dispatch to be on the lookout for a white van driven by a white male. As in *Vansant*, the officer in this case did not have a particularized description of the vehicle, such as a tag number, he did not know the direction in which the vehicle was traveling when it left the scene of the robbery, he did not observe any criminal activity by the men in the Camaro and he had no knowledge or suspicion that the vehicle or its occupants had been involved in other criminal behavior, and he did not have any knowledge that the occupants of the apartment, including the defendant, were involved in criminal activity. Under similar facts, the Supreme Court in *Vansant* held the officer did not have articulable suspicion to conduct a *Terry* stop. Clearly, if a *Terry* stop is not authorized under these circumstances, the officers could not establish probable cause to search the apartment.

Defendant also asserts that even conceding probable cause to search the residence, the warrantless search of the residence and its occupants was illegal absent exigent circumstances. *Bogan v. State*, 165 Ga. App. 851, 852 (303 SE2d 48) (1983). The State argues the "hot pursuit" exception, which is a particular type of exigency that is an exception to the warrant requirement, applies in this case. *Warden, Maryland Penitentiary v. Hayden*, 387 U. S. 294 (87 SC 1642, 18 LE2d 782) (1967); *Hamrick v. State*, 198 Ga. App. 124 (401 SE2d 25) (1990). The critical elements that need to be satisfied in order to establish this exception are (1) continuity of pursuit, and (2) immediacy of pursuit. *Hamrick*, 198 Ga. App. at 126. As to this issue the record shows that Brasher was two car lengths behind the suspect's vehicle and was not involved in a chase, but just wanted to investigate further. He never turned on his emergency equipment in an attempt to stop the vehicle. When he entered the apartment complex he lost sight of the vehicle. Upon finding it and determining that the suspects were running away from him, he walked to the back of the complex and waited for backup before even knocking on the apartment door. Clearly these facts do not suggest hot pursuit, but rather an officer following a hunch. The claim of exigent circumstances is with-

out merit.

2. Defendant also contends he did not consent to the search of his apartment. Defendant argues he was not free to leave the apartment, and Ball advised him a search warrant would be obtained if permission to search was not granted. Ball testified on cross-examination that he advised the defendant he would obtain a search warrant if defendant did not give his consent. When an officer represents to an accused that a warrant to search will be obtained if consent is refused, and does not have probable cause to secure the warrant, then the accused's consent is invalid. *Code v. State*, 234 Ga. 90, 95 (214 SE2d 873) (1975). When Ball entered the apartment he was only privy to information Brasher had, and the information was insufficient to obtain a search warrant. We cannot find defendant's consent was freely given. The trial court erred in denying the defendant's motion to suppress.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1995 — 

*Alan J. Baverman*, for appellant.

*Thomas J. Charron, District Attorney, Thomas A. Cole, Beth T. Golub, William R. Pardue, Assistant District Attorneys*, for appellee.