A01A1407. PAGE v. THE STATE.
(553 SE2d 176)

ELLINGTON, Judge.

Following a bench trial, Robin Benjamin Page was convicted in the State Court of DeKalb County of driving under the influence of alcohol to the extent that it was less safe for him to drive, OCGA § 40-6-391 (a) (1); failure to maintain lane, OCGA §§ 40-6-1, 40-6-48; driving an unsafe vehicle, OCGA § 40-8-7; and a headlight violation, OCGA § 40-8-20. On appeal, Page contends his conviction must be reversed because the State failed to prove venue beyond a reasonable doubt.

Because the evidence regarding Page's arrest was undisputed, the trial court's application of the law to these facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). The undisputed facts are as follows: after dark on April 27, 2000, a concerned citizen saw a damaged car stopped in a

debris-filled area on a ramp connecting Interstate 285 and Interstate 85. The driver then saw another damaged car, billowing steam, leaving the area and called 911 to report a possible hit and run and DUI. A DeKalb County police officer responded to the call and fell in behind the suspected hit and run driver while they were still in DeKalb County. The officer observed that the hood of the car was pushed back toward the windshield, obscuring the view ahead, and that the headlights were not operating. The officer saw the driver weave from lane to lane. Concerned that the driver would flee, the officer called for backup and continued to follow as they crossed into Fulton County and the car stopped at the end of the Lindbergh Avenue exit ramp. The officer pulled in behind the car and activated his blue lights. The officer found Page at the wheel and arrested him for DUI after administering several field sobriety tests. The officer read Page the implied consent notice;[1] Page refused to submit to a chemical test.

Page contends the State failed to prove venue because the officer arrested Page outside his jurisdiction without first attempting to arrest him within DeKalb County.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000). See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI ("all criminal cases shall be tried in the county where the crime was committed"); OCGA § 17-2-2 (a) (same).

In this case, the arresting officer saw Page commit several moving violations while driving in DeKalb County. After he stopped Page, the officer determined that Page was intoxicated. The evidence of Page's intoxication, although gathered on Fulton County soil, was sufficient to support the inference that Page had been intoxicated moments earlier while he was observed driving in DeKalb County. *McLarty v. State*, 176 Ga. App. 433, 435-436 (3) (336 SE2d 273) (1985). The State carried its burden of proving DeKalb County venue

---

[1] OCGA § 40-5-67.1.

beyond a reasonable doubt. *Horton v. State*, 206 Ga. App. 242, 243 (3) (424 SE2d 882) (1992).

While challenging only venue, Page also raised the issue of whether his arrest in Fulton County by a DeKalb County officer was authorized. "Ordinarily, as a matter of legal policy, a peace officer has power of arrest only in the territory of the governmental unit by which he was appointed." (Citations and punctuation omitted.) *Hastings v. State*, 211 Ga. App. 873, 874 (1) (441 SE2d 83) (1994). See OCGA § 40-13-30 ("officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality unless such jurisdiction is given by local or other law"). "However, an exception to this rule is recognized in instances in which 'hot pursuit' of an offender takes a municipal officer beyond his geographical limits in order to effectuate an arrest." (Citations omitted.) *Poss v. State*, 167 Ga. App. 86, 87 (1) (305 SE2d 884) (1983). Another exception applies specifically to moving violations: "[a]n officer has authority to arrest a person accused of violating any law or ordinance governing the operation of a vehicle where the offense is committed in his presence regardless of territorial limitations." (Punctuation and footnote omitted.) *State v. Gehris*, 242 Ga. App. 384, 386 (528 SE2d 300) (2000).

As we emphasized in *Poss v. State,* the fact that an officer does not engage in a high speed chase in the pursuit of a driver does not necessarily mandate a finding that the stop and arrest beyond the officer's territorial limits were unauthorized under the "hot pursuit" doctrine. 167 Ga. App. at 87 (1). Nor is there any requirement that the officer activate emergency lights or a siren before leaving his jurisdictional territory. "[T]he critical elements characterizing 'hot pursuit' are the continuity and immediacy of the pursuit, rather than merely the rate of speed at which pursuit is made." Id. A pursuing officer may, and should, wait to stop and arrest a suspect "at the first opportunity for doing so which [is], under the circumstances, *safe* for all concerned — [the suspect], the officers and other motorists." (Emphasis in original.) Id.

In this case, there is no question that, based upon Page's driving behavior in DeKalb County, the arresting officer had the legal authority to initiate a pursuit of Page, and, if necessary, to go outside of the county's geographic limits in order to effectuate an arrest. *State v. Gehris*, 242 Ga. App. at 386; *Hastings v. State*, 211 Ga. App. at 874 (1); *McLarty v. State*, 176 Ga. App. at 435-436 (3); *Poss v. State*, 167 Ga. App. at 87-88 (1).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 30, 2001.

*Head, Thomas, Webb & Willis, William C. Head,* for appellant.
*Gwendolyn R. Keyes, Solicitor-General, Courtney L. Johnson, Assistant Solicitor-General,* for appellee.