A01A1698. THE STATE v. HOOVER.
(558 SE2d 71)

ANDREWS, Presiding Judge.

The State appeals from the trial court's grant of Amanda Marie Hoover's motion in limine. Hoover was charged by accusation with DUI, invalid license, no tag, weaving on roadway (OCGA § 40-6-48), and a tag light violation (OCGA § 40-8-23 (d)).

In reviewing a trial court's decision on a motion in limine where the evidence is uncontested and there is no question regarding witness credibility, we conduct a de novo review of the trial court's application of law to undisputed facts. *In the Interest of B. C. G.*, 235 Ga. App. 1, 4 (2) (508 SE2d 239) (1998).

The evidence was that Cobb County Police Officer Brown was proceeding south on Cobb Parkway around 2:00 a.m. on November 12, 1999, when he came up behind a car driven by Hoover. Officer Brown noted that the tag light was out and then saw Hoover cross the lane lines, i.e., weave in and out of her lane of traffic. At this point, Officer Brown activated his in-car camera, which required eight to ten seconds to come on. He was aware that they were

approaching the Cobb County/Fulton County line and activated his blue lights after entering Fulton County.

Hoover did not stop, and Officer Brown followed her for about two miles. During this pursuit, he activated his siren and directed his spotlight in Hoover's rearview mirror to get her attention. Nonetheless, as stated by the officer, "[s]he didn't accelerate, she didn't decelerate. She just maintained [speed]." Hoover turned off of Cobb Parkway and eventually left onto Mount Paran Road, crossing under Interstate 75. At this point, an Atlanta police officer had another vehicle pulled over, but joined in the pursuit.[1] When the Atlanta officer pulled ahead of Officer Brown and was partly parallel to Hoover, she finally pulled over.

The trial court concluded that the observed traffic offenses did not provide the officer with probable cause, but did provide articulable suspicion to stop the car for further investigation. The trial court further concluded that the officer was not in "hot pursuit" and was without jurisdiction to follow Hoover into Fulton County, thereby making the seizure and arrest unlawful. We disagree.

1. First, as argued by the State, Officer Brown had the authority to arrest a person for a traffic offense committed in his presence,[2] regardless of territorial limitations. OCGA §§ 40-13-30; 17-4-20; *Page v. State*, 250 Ga. App. 795, 797 (553 SE2d 176) (2001), citing *State v. Gehris*, 242 Ga. App. 384, 386 (528 SE2d 300) (2000). See also, e.g., *Wells v. State*, 206 Ga. App. 513, 515 (1) (426 SE2d 231) (1992); *State v. Giangregorio*, 181 Ga. App. 324 (352 SE2d 193) (1986).

2. The trial court's conclusion that Officer Brown's actions were not in hot pursuit, assuming he was otherwise without authority to follow Hoover into Fulton County, was also erroneous.

> As we emphasized in *Poss v. State*, [167 Ga. App. 86, 87 (1) (305 SE2d 884) (1983),] the fact that an officer does not engage in a high speed chase in the pursuit of a driver does not necessarily mandate a finding that the stop and arrest beyond the officer's territorial limits were unauthorized under the "hot pursuit" doctrine. [Id.] Nor is there any requirement that the officer activate emergency lights or a siren before leaving his jurisdictional territory. "(T)he critical elements characterizing 'hot pursuit' are the continuity and immediacy of the pursuit, rather than merely the rate of speed at which pursuit is made." Id. A pursuing officer may,

---

[1] We take judicial notice that the Mt. Paran/I-75 intersection is within the city limits of Atlanta. See *Brown v. State*, 205 Ga. App. 31 (421 SE2d 340) (1992).

[2] Officer Brown had observed violations of OCGA §§ 40-6-48 (1) (failure to maintain lane) and 40-8-23 (d) (failure to have operative tag light).

and should, wait to stop and arrest a suspect "at the first opportunity for doing so which (is), under the circumstances, *safe* for all concerned — (the suspect), the officers and other motorists." (Emphasis in original.) Id. In this case, there is no question that, based upon [Hoover's] driving behavior in [Cobb] County, the arresting officer had the legal authority to initiate a pursuit of [Hoover], and, if necessary, to go outside of the county's geographic limits in order to effectuate an arrest. *State v. Gehris*, [supra] at 386; *Hastings v. State*, 211 Ga. App. [873,] 874 (1) [(441 SE2d 83) (1994)]; *McLarty v. State*, 176 Ga. App. [433,] 435-436 (3) [(336 SE2d 273) (1985)]; *Poss v. State*, [supra] at 87-88 (1).

*Page v. State*, supra at 797.
 *Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED DECEMBER 19, 2001 — 

 *Barry E. Morgan, Solicitor-General, William R. Pardue, Assistant Solicitor-General*, for appellant.
 *Chestney-Hawkins Law Firm, Sherry B. Lantz*, for appellee.