## A02A0662. SLATE v. THE STATE.
(567 SE2d 86)

BLACKBURN, Chief Judge.

Following a bench trial, Quentin Slate appeals his conviction for driving under the influence of alcohol, OCGA § 40-6-391 (a) (1), contending that the trial court erred in denying his "motion to dismiss" based on the failure of the State to prove venue. For the following reasons, we reverse.

"[V]enue in all criminal cases must be laid in the county in which the crime was allegedly committed. . . . Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal." *Page v. State*.[1]

The only evidence in the record which indicates the location of the crime was provided in the testimony of a DeKalb County police officer. The officer testified he was employed by DeKalb County Police and responded as backup to a call for assistance at a vehicle accident. He testified that he observed Slate standing near a destroyed vehicle on King Road. There is no further evidence in the record that the scene of the accident on King Road is in DeKalb County. On defendant's motion to dismiss based on a failure to prove venue, the prosecutor stated as to venue: "I always mention it. I don't know if I mentioned it. I mean, I can't testify to that. The court would know. Okay. That is usually my standard question."

Our Supreme Court has held that slight evidence is no longer sufficient in a criminal case to prove venue. Where the defendant has pled not guilty to the charges against him, he has disputed every element, and the State is required to prove every element of the crime beyond a reasonable doubt. *Jones v. State*.[2] Slate pled not guilty and was convicted at trial. The State has failed to prove venue beyond a reasonable doubt, and we must reverse.

The trial court stated in denying Slate's motion that "I recall the officer said it happened on King Road and I believe that it was here in this county; however, if I am wrong the record will show that and you'll have your . . . appeal based upon what the record shows as to venue. . . . The record will show whether I'm right or wrong on that." A review of the record reveals that venue was not established, and the trial court's recollection of the testimony was incorrect. We note that the court could have permitted the State to reopen its case and to address venue; however, the State did not seek this relief.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

---

[1] *Page v. State*, 250 Ga. App. 795, 796 (553 SE2d 176) (2001).
[2] *Jones v. State*, 272 Ga. 900, 902 (2) (537 SE2d 80) (2000).

DECIDED JUNE 13, 2002.

*Head, Thomas, Webb & Willis, Gregory A. Willis*, for appellant.

*Gwendolyn R. Keyes, Solicitor-General, Kimberly Sanders-Bjurmark, Assistant Solicitor-General*, for appellee.