A02A1951. MATTHEWS v. THE STATE.
(575 SE2d 725)

POPE, Senior Appellate Judge.

Bailey Matthews appeals her conviction for driving under the influence of alcohol, arguing only that the court failed to suppress evidence of the traffic stop.

"In reviewing a trial court's decision on a motion in limine where the evidence is uncontested and there is no question regarding witness credibility, we conduct a de novo review of the trial court's application of law to undisputed facts. [Cit.]" *State v. Hoover*, 253 Ga. App. 98 (558 SE2d 71) (2001).

At 12:30 a.m., a Clayton County police officer noticed a car leaving a parking lot in Clayton County without its lights on. The car took a right out of the parking lot and approached a traffic light. The officer, who was located in a nearby Kroger parking lot, began to follow without activating his emergency lights or siren. The officer lost sight of the car for a second or two as he attempted to leave the Kroger lot, but later saw it leave the intersection at the traffic light headed westbound on Highway 138, still in Clayton County, and still without its lights on.

Some time elapsed as the officer maneuvered to exit the Kroger lot so that he could follow the car on Highway 138. He also lost time waiting for a clearing in the eastbound traffic before he could get on the highway. He testified that he did not activate his emergency lights to stop traffic because he was concerned that, based on the setting and circumstances, it may have caused a safety problem. As he entered the highway, he saw the car pull into a gas station approximately two-tenths of a mile ahead that happens to be located just

---

[15] *Rucker v. State*, 270 Ga. 431, 435 (5) (510 SE2d 816) (1999).

over the line in Henry County. The officer then pulled into the gas station to stop the car, which led to the eventual arrest of Matthews for driving under the influence of alcohol. He never activated his lights or siren during the brief incident. The officer estimated that two to three minutes elapsed from the time that he first saw the car until he pulled into the gas station behind it. A Henry County officer arrived at the gas station at about the same time, but it was the Clayton County officer who arrested Matthews.

At the hearing on the motion to suppress, the Clayton County officer testified that he was not in hot pursuit. At the same hearing, Matthews admitted that she did not turn her lights on because the car that she normally drives has automatic headlights.

Under Georgia law, a police officer has "authority to arrest a person for a traffic offense committed in his presence, regardless of territorial limitations." (Citations and footnote omitted.) *Hoover*, 253 Ga. App. at 99 (1). And an officer may make a legitimate stop beyond his or her jurisdiction if it can be demonstrated that the pursuit was continuous and immediate. *Poss v. State*, 167 Ga. App. 86, 87-88 (1) (305 SE2d 884) (1983). We find that the trial court did not err by applying that exception.

> As we emphasized in *Poss v. State*, 167 Ga. App. [at 87 (1)], the fact that an officer does not engage in a high speed chase in the pursuit of a driver does not necessarily mandate a finding that the stop and arrest beyond the officer's territorial limits were unauthorized under the "hot pursuit" doctrine. Nor is there any requirement that the officer activate emergency lights or a siren before leaving his jurisdictional territory. The critical elements characterizing "hot pursuit" are the continuity and immediacy of the pursuit, rather than merely the rate of speed at which pursuit is made. A pursuing officer may, and should, wait to stop and arrest a suspect at the first opportunity for doing so which is, under the circumstances, safe for all concerned — the suspect, the officers and other motorists.

(Citations, punctuation and emphasis omitted.) *Hoover*, 253 Ga. App. at 99-100 (2).

Here, although the officer testified that he was not in hot pursuit, the facts support the conclusion that he executed a continuous and immediate pursuit.

*Darby v. State*, 216 Ga. App. 781 (455 SE2d 850) (1995), is distinguishable. In that case, during the pursuit, the officer at one point broke off the chase and waited for backup. Id. at 782.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 11, 2002.

*Sexton & Morris, Ricky W. Morris, Jr.*, for appellant.
*Keith C. Martin, Solicitor-General, Tasha M. Mosley, Assistant Solicitor-General*, for appellee.