## A03A0129. MARGERUM v. THE STATE.
(579 SE2d 825)

ANDREWS, Presiding Judge.

We granted Jeffrey Douglas Margerum's application for interlocutory appeal of the trial court's order denying his motion to suppress evidence. Margerum claimed that his arrest was based on an illegal traffic stop because the arrest was made outside the arresting officer's jurisdiction. In denying the motion, the trial court held that the officer was in "hot pursuit" of Margerum's car and the stop was legal. We agree and affirm.

"In reviewing a trial court's denial of a motion to suppress, we are required to accept such court's ruling on disputed facts unless it is clearly erroneous[, and] we must defer to the trial court's judgment on the credibility of witnesses. Furthermore, the evidence is to be construed most favorably to the upholding of the findings and judgment made." (Citations and punctuation omitted.) *Cates v. State*, 232 Ga. App. 262, 263 (501 SE2d 262) (1998).

So viewed, the evidence was that on the evening of November 27, 2001, Officer Terry Wallace of the Douglasville Police Department received a dispatch to look for a suspected shoplifter in a blue Cadillac bearing a specific tag number. Five to seven minutes later, Wallace spotted the car with two men in it, traveling eastbound on I-20 just before Thornton Road. The Douglas County line is several hundred yards east of Thornton Road.

Wallace followed the Cadillac into Fulton County, delaying a stop until he got backup from either the Fulton County or Atlanta Police Department. Neither the Fulton County Police nor the Atlanta Police responded to his call. Wallace stopped Margerum's car as soon as another unit from his own department arrived. At that time, he was just past Fulton Industrial, two exits past Thornton Road. The total elapsed time from the 911 call to the time of arrest was 22 minutes.

> Ordinarily, as a matter of legal policy, a peace officer has power of arrest only in the territory of the governmental unit by which he was appointed. (Citations and punctuation omitted.) *Hastings v. State*, 211 Ga. App. 873, 874 (1) (441 SE2d 83) (1994). See OCGA § 40-13-30 (officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality unless such jurisdiction is given by local or other law). However, an exception to this rule is recognized in instances in which "hot pursuit" of an offender takes a municipal officer beyond his geographical limits in order to effectuate an arrest.

(Citations omitted.) *Poss v. State*, 167 Ga. App. 86, 87 (1) (305 SE2d 884) (1983).

(Punctuation omitted.) *Page v. State*, 250 Ga. App. 795, 797 (553 SE2d 176) (2001).

It is not necessary for the officer to engage in a high-speed chase of the suspect, nor must the officer turn on his lights and sirens before leaving his jurisdiction in order for the stop to be authorized under the "hot pursuit" doctrine. *Page*, supra. "The critical elements characterizing 'hot pursuit' are the continuity and immediacy of the pursuit, rather than merely the rate of speed at which pursuit is made." (Punctuation omitted.) Id. Moreover, the officer is not required to arrest the suspect at the first opportunity, but may, and should, wait to stop and arrest the suspect at the first opportunity which is safe for all concerned, the officer, the suspect, and other motorists. *State v. Hoover*, 253 Ga. App. 98, 99-100 (558 SE2d 71) (2001); *Page*, supra.

Here, the officer's pursuit of Margerum was both continuous and immediate and thus fell under the "hot pursuit" doctrine. The officer stopped Margerum at the first safe opportunity for doing so; that is, after the backup officer arrived.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED MARCH 19, 2003.

*Jeffrey M. Gore*, for appellant.
*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.