**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 8, 2023**

# In the Court of Appeals of Georgia

A23A0584. PARIS v. CITY OF ATLANTA.

HODGES, Judge.

City of Atlanta police officers cited Deaunte Paris with violations of the City's municipal code for exposing and fondling his genitals in public and running away from police. The city solicitor attempted to "upgrade" Paris' charges to state law violations, first by amending his citation, and then by filing an accusation, and Paris opposed the effort. In separate orders, the municipal court dismissed both the amendment to the citation and the accusation. The City petitioned for certiorari to the Superior Court of Fulton County, which reversed the municipal court and remanded the case with instruction for the municipal court to vacate its dismissal of the accusation and transfer the case to the State Court of Fulton County for prosecution on the upgraded charges. This Court granted Paris' application for interlocutory

review, and Paris timely appealed. For the reasons that follow, we reverse the Superior Court of Fulton County.

Here, the evidence shows that on March 14, 2021, officers with the Atlanta Police Department arrested Paris for exposing and fondling his genitals in front of the Foot Locker store in Lenox Square and fleeing from law enforcement. Those officers issued him an arrest citation for violating the city's indecency and disorderly conduct ordinances. See Municipal Code of Atlanta §§ 106-129; 106-81 (7). On March 16, 2021, a city solicitor in Atlanta Municipal Court attempted to "upgrade" the charges by crossing out the ordinance violations on the citation and typing in the state misdemeanor offenses of public indecency (OCGA § 16-6-8) and obstruction of a law enforcement officer (OCGA § 16-10-24). The solicitor orally requested that the case be bound over to the state court for prosecution, but the municipal court denied the motion. Paris moved to dismiss the amended arrest citation, contending that it was void.

In ruling on the motion, the municipal court noted that the city solicitor had not presented any evidence supporting the misdemeanor charges which the City sought to bring against Paris so as to permit the court to make a finding of probable cause as to those charges. It also noted that the City could have proceeded by having the

2

arresting officer swear an affidavit seeking an arrest warrant against Paris for the state law charges. The municipal court stated that the proper charging document for state law offenses is not a citation, but rather an accusation. The municipal court dismissed the amendment to the citation on the basis that the city solicitor did not have the authority to charge crimes it could not prosecute, that the citation was not a proper charging document for state law crimes, and that the City could not transfer the case to state court through the amended citation. The municipal court, however, found that the municipal code violation charges remained pending. Paris was released from custody on a signature bond that day.

On April 6, 2021, the city solicitor filed a superseding accusation in municipal court that charged Paris with the state offenses of public indecency and obstruction of a law enforcement officer. The City voluntarily dismissed the prior citation. Paris moved to dismiss the accusation on the grounds that the municipal court lacked subject matter jurisdiction over the charges and that the city solicitor was not permitted to accuse charges that it had no authority to prosecute. The City conceded that the municipal court has no authority to try the accused offenses, but urged that the city solicitor was authorized "to represent this state in any criminal case, before the municipal court, when the judge is acting in his/her capacity as a committing

3

magistrate of this state," and that the solicitor only sought to have the municipal court exercise its "broad jurisdiction as a committing court" to have the case bound over to Fulton County State Court. The City also contended that, because the municipal court left the original ordinance violation charges pending in its first order, it necessarily found probable cause to arrest on those counts, which the City claimed are equivalent to the state misdemeanor charges; thus, the municipal court "should also find, from the face of the citation, the reading of the relevant statutes, as well as, the superseding accusation, that there is probable cause to require the bind over of the accused criminal case to Fulton County State Court, the court of competent jurisdiction to try [Paris]."

The municipal court granted Paris' motion to dismiss the accusation on October 4, 2021.[1] In its order, the municipal court rejected the City's arguments, noting that it "has never heard any evidence to rule on the issue of probable cause." The municipal court also concluded that, although the City was not seeking to prosecute the accused charges, "the City does not have the authority to accuse a case for which it has no jurisdiction."

---

[1] The Order actually suggests in its title that it is denying the motion to dismiss, but the substance of the order grants the motion to dismiss.

The City filed a petition for a writ of certiorari in Fulton County Superior Court on November 3, 2021, contending that the municipal court erred by dismissing the accusation because: (1) "[a] municipal court, serving as a court of inquiry, can hold a commitment hearing on any crime, misdemeanor, or felony"; and (2) the city solicitor is authorized to "charge any crime, a felony or misdemeanor, in the scope of representing this state for the purpose of prosecuting a commitment hearing before a municipal court, sitting as a court of inquiry."

The superior court granted the City's petition on July 26, 2022. In its order, the superior court determined that because the state law offenses involved the same conduct as the ordinance violations, the City was authorized to "upgrade" the citation charges or file an accusation under OCGA §§ 15-18-96 (b) (1)[2] and 17-7-71 (f).[3] It further relied on OCGA § 36-32-3 which provides that "[a]ll judges of all municipal

---

[2] "The prosecuting attorney of a municipal court shall have the authority to . . . [f]ile, amend, and prosecute any citation, accusation, summons, or other form of charging instrument authorized by law for use in the municipal court[.]" OCGA § 15-18-96 (b) (1).

[3] "Prior to trial, the prosecuting attorney may amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation. . . ." OCGA § 17-7-71 (f).

courts in this state shall have and are given the same powers and authorities as magistrates in the matter of and pertaining to criminal cases of whatever nature in the several courts of this state." The superior court remanded the case and instructed the municipal court to vacate the order dismissing the accusation and transfer the case to the State Court of Fulton County. Nevertheless, the superior court certified its order for immediate review, which we granted. Paris timely appealed.

In a single enumeration of error, Paris argues that the superior court erred in reversing the municipal court's order dismissing the accusation. We agree.

At the outset, we note that only the municipal court's second order, which dismissed the accusation, is relevant to our analysis on appeal given that the City voluntarily dismissed the original citation and proceeded against Paris solely on the accusation.

With regard to the role of municipal prosecutors, Georgia law provides that,

[t]he prosecuting attorney of a municipal court shall have the duty and authority to represent the municipality . . . [i]n the municipal court . . . *[i]n the prosecution of any violation of the laws or ordinances of such municipality which is within the jurisdiction of such municipal court* and punishable by confinement or a fine or both or by a civil penalty authorized by Code Section 40-6-163 . . .[and i]n the prosecution of any violation of state laws *which by general law municipal courts have been*

6

*granted jurisdiction to try and dispose of such offenses*, specifically including those offenses described in Chapter 32 of Title 36 and Code Section 40-13-21 . . . .

(Emphasis supplied.) OCGA § 15-18-96 (a) (1) (A), (B).

Here, it is undisputed that the municipal court does not have jurisdiction to try or dispose of the state law offenses which the City wishes to bring against Paris. Indeed, the City is not seeking to have the municipal court try Paris on these charges; instead, it seeks to have the municipal court bind the case over to the State Court of Fulton County. It is true that, "[a]ny judge of a superior or state court, judge of the probate court, magistrate, or officer of a municipality who has the criminal jurisdiction of a magistrate may hold a court of inquiry *to examine an accusation against a person legally arrested and brought before him or her*." OCGA § 17-7-20. Further, when acting as a committing court or a court of inquiry,[4] a municipal court judge "shall have authority to bind over or commit to jail offenders against *any*

---

[4] "[T]he duty of a committal court is simply to determine whether there is sufficient reason to suspect the guilt of the accused and to require him to appear and answer before the court competent to try him. Whenever such probable cause exists, it is the duty of the court to commit." (Citation and punctuation omitted.) *McLarty v. State*, 176 Ga. App. 433, 434 (1) (336 SE2d 273) (1985).

7

criminal law whenever, in the course of an investigation before such officer, *a proper case therefor is made out by the evidence*." (Emphasis supplied.) OCGA § 17-7-22.

Here, however, the municipal court never acted as a court of inquiry with regard to the accusation alleging state law offenses because it was never presented with any evidence from which it could make a determination of probable cause or a determination to bind over the case to state court. Paris was never arrested on the state law charges, nor was he brought before the court on an accusation for those charges.[5] Previously, the City filed a citation which contained an attestation from the arresting officer that he had just and reasonable grounds to believe Paris committed the municipal code violations. We need not decide whether that attestation could also support the state law charges, however, because that citation was superceded by the accusation and formally dismissed following the filing of the accusation.

The law is clear that municipal prosecutors may "amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense

---

[5] "An arrest for a crime may be made by a law enforcement officer . . . [u]nder a warrant; or . . . [w]ithout a warrant if . . . [t]he offense is committed in such officer's presence or within such officer's immediate knowledge[.]" OCGA § 17-4-20 (a) (1) (A) - (B) (i). Paris was subjected to a warrantless arrest for the municipal code violations based on the arresting officer's immediate knowledge, but he was never arrested, with or without a warrant, for the state law charges.

8

arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation." OCGA § 17-7-71 (f). We need not decide whether this law grants municipal prosecutors authority to accuse state law crimes generally because, here, the state law charges were not supported by any evidence before the municipal court so as to trigger its role as a court of inquiry. Stated differently, when acting as a court of inquiry, the law grants municipal courts jurisdiction to make probable cause findings and bind over cases which involve crimes which the municipal court does not have jurisdiction to try when evidence is presented to support the charges. Here, however, the municipal court never received evidence to support the state law charges against Paris, and thus it had no authority to bind over the case to the State Court of Fulton County.[6] Accordingly, the superior court erred in remanding the case to the municipal

---

[6] The City's reliance on OCGA § 15-18-96 (a) (5) is inapposite. Although municipal prosecutors may "perform such other duties as are or may be required by law or ordinance or which necessarily appertain to such prosecuting attorney's office[,]" this cannot be used as a ground to expand the limited subject matter jurisdiction of a municipal court. The City's reliance on OCGA § 36-32-3 is likewise misplaced. That law provides that "[a]ll judges of all municipal courts in this state shall have and are given the same powers and authorities as magistrates in the matter of and pertaining to criminal cases of whatever nature in the several courts of this state." The City contends that, because magistrate courts have the ability to hold a court of inquiry, see OCGA § 17-7-20, this means the municipal court had authority to bind over the state law charges against Paris. It is undisputed that both the

9

court for the purpose of vacatur of the municipal court's order dismissing the accusation, as the superior court should have affirmed the municipal court dismissal of the accusation.

*Judgment reversed. Miller, P. J., and Mercier, J., concur.*

---

magistrate courts and municipal courts have such authority. The problem here is that, as stated above, the municipal court never acted as a court of inquiry with regard to the state law charges as no evidence was ever presented to it in support of those charges.